SIMS & AUCHMUTY *et al. v.* CLARK & COMPANY.

1. Debtors by open account are not subject to suit jointly with one who has guaranteed in writing payment of the account. Residence of the latter in the county in which the suit is located gives the court no jurisdiction over the former.
2. Against one who has, before goods were sold and delivered, guaranteed in writing payment therefor, on the faith of which guaranty the sale was made, a recovery may be had upon a declaration which sets forth the account, a copy of the contract of guaranty, and alleges refusal to pay the account, and notice by the creditor of acceptance of the guaranty as follows: "Plaintiff first stating to said V. B. McGinnis [the guarantor] that his guaranty would be accepted, and that it was accepted."
3. The court erred in overruling the demurrer of the primary debtors to the declaration, but did not err in overruling that of the guarantor. Let the action be dismissed as to the primary debtors, and the verdict stand as to the guarantor.

February 27, 1893.

Before Judge ATTAWAY. City court of Cartersville. March term, 1892.

Action in the city court of Cartersville, Bartow county, by Clark & Co. against Sims & Auchmuty as principals and McGinnis as guarantor, on an account for $149.65 balance of principal. The verdict was for the plaintiffs, and the defendants excepted to the overruling of their demurrers.

The declaration alleged that the principal debtors, of Polk county, bought of plaintiffs the articles shown in the attached bill of particulars, and in the same month McGinnis, of Bartow county, gave to plaintiffs his guaranty in writing for the full payment of said account. McGinnis demurred on the grounds: (1) He took no benefit on account of the sale of the goods, nor were they sold or charged to him, and a recovery cannot be had against him in this suit. (2) A written guaranty being the foundation of the action against him, the suit cannot be maintained unless the guaranty is declared on as the foundation, or a copy of it is attached to the declaration; and in such action the principal debtors cannot be joined as defendants. The principals demurred on the grounds that, the declaration showing that they live in Polk county, they cannot be sued with a surety or guarantor out of the county of their residence and in the county where the guarantor resides..

The plaintiffs amended by alleging that McGinnis guaranteed in writing the payment of a bill of goods ordered by the principal debtors, which bill of goods was sold on the faith of his guaranty, plaintiffs first stating to him that his guaranty would be accepted, and that it was accepted, and that the goods to the amount of account sued on would be shipped and had been furnished. Attached were copies of two notes from McGinnis to plaintiffs, one dated October 3, the other October 5, 1889. The first stated: "Please ship the goods to Sims & Auchmuty, and I will see that it is paid when due." The other stated: "Your favor of 4th inst. received and contents noted. You can ship the $300 worth of goods. I will become responsible or see that Sims & Auchmuty pays for them. Ship at once." McGinnis demurred to this amendment, on the ground that it does not show that plaintiffs notified him that they had accepted his offered guaranty or acted upon it.

M. R. Stansell, for plaintiffs in error.

Akin & Harris, *contra*.

Bleckley, Chief Justice.

1. The suit was in Bartow county, where McGinnis, the guarantor, resided, and the declaration showed on its face that Sims & Auchmuty, the debtors by account, resided in Polk county. The latter demurred because there was no jurisdiction as to them. This point was well taken. These debtors were entitled to be sued in the county of their residence, and there was no jurisdiction over them elsewhere. Code, sections 5172, 3402, 3404. Debtors by mere account are not joint makers or promissors with one who has by a separate contract guaranteed payment of the account. The two contracts are several, not joint; and the liability on each is several. Those who contracted the account are not liable at all on the guaranty, and he who made the guaranty is not liable at all on the account.

2. The facts necessary to recover of the guarantor, including acceptance of the guaranty, were sufficiently set forth; and as there is no complaint of the finding, we must assume that they were duly proved.

3. The result is that the court erred in overruling the demurrer of Sims & Auchmuty, but correctly overruled the separate demurrer of McGinnis. As to the latter the verdict should stand; but as to the former let the action be dismissed.

*Judgment reversed in part, and in part affirmed.*