## HOLMES v. SCHWAB & SONS.

1. Where one writes a letter of credit authorizing and requesting the person addressed to ship goods to the order of another person as this person may order between the date of the letter and a date fixed in the letter, limiting the writer's liability to a certain sum and agreeing that if the person to whom the goods' are to be shipped should fail to pay for the goods by the date fixed, the writer of the letter will pay for them at the price charged, and the goods are shipped within the dates fixed, the agreement on the part of the promisor is a guaranty, and the promisor's responsibility and liability is that of a guarantor.

2. Under the terms of such letter, notice of the acceptance of the guaranty and of the shipment of the goods in accordance therewith is unnecessary where notice of the shipments is waived in the letter. *Sheffield* v. *Whitfield*, 6 *Ga. App.* 764 (65 S. E. 807).

3. Upon the failure of the person to whom the goods are shipped to pay for the same on or before the date fixed in the letter, the guarantor is properly sued alone, and the primary debtor is not subject to suit jointly with him. *Sims & Auchmuty* v. *Clark & Co.*, 91 *Ga.* 302 (18 S. E. 158).

4. The guarantor having agreed in the letter of credit to pay attorney's fees in case of suit, and suit having been brought to enforce his liability, he is as much liable for attorney's fees as for the principal and interest of the debt. *Sheppard* v. *Daniel Miller Co.*, 7 *Ga. App.* 760 (68 S. E. 451).

5. It appearing that the amount of the account for goods charged to the principal debtor on a date fixed in the letter of credit was in excess of $5,000, the amount for which the guarantor was responsible, and that the debtor had made payments amounting to $500, the defendant was not entitled to have $500 deducted from the $5,000, but only so much thereof as remained after paying the excess of the principal debtor's liability above the $5,000. The letters written by the guarantor by their terms fixed the limits of the guarantor's responsibility, and not of the amount of credit to be extended to the principal debtor. *Carson* v. *Hurst*, 137 *Ga.* 640 (74 S. E. 52, 26 Ann. Cas. (1913A) 1086).

NOVEMBER 15, 1913.

Complaint. Before Judge George. Crisp superior court. November 25, 1912.

*W. F. Hall* and *E. F. Strozier,* for plaintiff in error.

*Whipple & McKenzie,* contra.

BECK, J. Schwab & Sons brought complaint against Holmes to recover the value of certain goods alleged to have been sold to one Shaffer on the guaranty of Holmes. Three letters of credit were written by the defendant to the plaintiffs; one limiting the responsibility of the writer to $3,000, the second limiting his responsibility for goods shipped to $1,500, and a third to $500, making a total of $5,000 for which the defendant issued letters of credit. The letters were dated May 5, 1911, July 29, 1911, and August

12, 1911. Except as to the amount of credit fixed, and the date after which, on failure of Shaffer to pay for the goods, responsibility of the writer would become fixed, the letters contained substantially the same stipulations, to wit: an agreement upon the part of the writer that if by the named date Shaffer should fail to pay for the goods that should be ordered by him, then the writer of the letter would pay for the goods at the price charged, with interest and attorney's fees. The letters contained also a waiver of notice of shipment. The defendant demurred on the grounds: (1) that the contract between the plaintiffs and the defendant, as appeared from the petition and the exhibits attached (the letters referred to), was one of suretyship and not of guaranty; (2) that the plaintiffs could not recover attorney's fees; (3) that the petition shows that the extent of the original liability of Holmes was the sum of $5,000, and that Shaffer has paid the plaintiff upon the original indebtedness the sum of $562.98, which amount should be deducted from said sum of $5,000. The court overruled the demurrer, and the jury found for the plaintiffs.

1. Whatever of difficulty there may be in specific instances in deciding whether a contract is one of suretyship or guaranty—a difficulty which to a certain extent arises from a confusion produced by the divergent views of the different courts in regard to contracts that have come before them for construction,—there can be no such difficulty in the present case. The contract of Holmes is clearly one of guaranty. There is not a line in it that is of the essence of the contract that is inconsistent with the plaintiffs' contention that the defendant is liable as a guarantor.

2-5. Previous adjudications of similar questions render it unnecessary to discuss those questions which are ruled upon in headnotes two, three, four, and five.

*Judgment affirmed. All the Justices concur.*