### 8624. WATKINS MEDICAL CO. v. MARBACH et al.

1. A contract of suretyship, and not of guaranty, is made where, in a writing signed by persons designated therein as sureties, in consideration of one dollar paid by a named company and the execution of a contemporaneous agreement between the company and a third person for the sale of goods to him by it, and an extension of the time of payment of his existing indebtedness to it, the persons signing as sureties promise and "guarantee" the payment of that indebtedness and payment for the goods as provided in the agreement referred to.

(a) The dollar which is a part of the consideration stated is not such a benefit to the parties signing as sureties as is contemplated by the section of the code which says that a contract of suretyship "differs from a guaranty in this, that the consideration of the latter is a benefit flowing to the guarantor" (Civil Code of 1910, § 3538); the substantial consideration for this contract being the credit and indulgence given to the third person named.

(b) A fundamental distinction between a guaranty and suretyship is that in a contract of guaranty the person obligating himself to pay the debt of another is primarily, and not merely secondarily, liable for its payment.

2. The court erred in holding that the contract sued upon was one of guaranty, and in sustaining the demurrer to the petition.

DECIDED JULY 26, 1917.

Complaint; from Jenkins superior court—Judge Henry C. Hammond. March 12, 1917.

*Thomas L. Hill,* for plaintiff, cited: Civil Code (1910), §§ 3538-41; Brandt on Suretyship (3d ed.), 2; *Small Co.* v. *Claxton,* 1 *Ga. App.* 83; *Baggs* v. *Funderburke,* 11 *Ga. App.* 173; *Maril* v. *Boswell,* 12 *Ga. App.* 41; *McClain* v. *Georgian Co.,* 17 *Ga. App.* 648; *Fields* v. *Willis,* 123 *Ga.* 272; *Watters* v. *Hertz,* 135 *Ga.* 804; *Dale* v. *Christian,* 140 *Ga.* 790; *Manry* v. *Waxelbaum Co.,* 108 *Ga.* 14; McIntosh-Huntington Co. v. Reed, 89 Fed. 464; Pearsell Mfg. Co. v. Freys, 105 Am. St. R. 496-7; Spriggs v. Bank, 10 Pet. (U. S.) 257; Houck v. Graham, 106 Ind. 195; Exeter Bank v. Stowell, 16 N. H. 61; Coots. v. Farnsworth, 64 Mich. 497; Krutsinger v. Brown, 72 Ind. 466; Auchampaugh v. Schmidt, 77 Iowa, 213, 217.

*E. K. Overstreet,* for defendant, cited: *Manry* v. *Waxelbaum Co.,* supra; Civil Code (1910), § 3538; *Sims* v. *Clark,* 91 *Ga.* 302 (1); *Musgrove* v. *Luther Pub. Co.,* 5 *Ga. App.* 283-4.

BROYLES, P. J. This was a suit on a contract, brought by the J. R. Watkins Medical Company against F. A. Marbach, as principal, and A. D. Lawrence and W. R. Rabitsch as sureties. Law-

rence demurred to the petition, on the ground that the action could not be maintained, because it was proceeding against a principal and guarantors in the same action, and this was not legally permissible. This demurrer was sustained, the court holding that the contract was one of guaranty, and not of suretyship. To this judgment the plaintiff excepted. The only question for determination by this court is whether the contract was one of guaranty, or of suretyship.

The contract signed by the medical company and by Marbach, the principal, contained the following (among other) provisions: "For and in consideration of the promises and agreements hereinafter contained, to be kept and performed by the party of the second part [Marbach], the company promises and agrees to sell and deliver to the party of the second part, free on board cars at Winona, Minnesota, or, at its option, at any of its regular places of shipment, any and all medicines, extracts, and other articles manufactured or sold, or which may hereafter be manufactured or sold by it, at the usual and customary wholesale prices, as the party of the second part may reasonably require for sale by him from time to time, from the date hereof until the first day of March, 1915, as hereinafter provided, in the following described territory excepting the incorporated municipalities therein located, to wit: In the State of Georgia, all of Jenkins county. . . The indebtedness due at the date of this agreement from the party of the second part to the party of the first part for goods and other articles sold and delivered to him under a prior agreement is hereby mutually agreed to be the sum of twelve hundred, twenty-seven and 82/100 dollars, which said indebtedness the second party hereby promises and agrees to pay during the term of this agreement, *and payment of which is hereby so extended*" (italics ours). Just below the signatures of the medical company and Marbach, and on the same page, is the following contract:

"In consideration of one dollar in hand paid by the J. R. Watkins Medical Company, the receipt whereof is hereby acknowledged, *and the execution of the foregoing agreement by said company, and the sale and delivery by it to the party of the second part of its medicines, extracts, and other articles, and the extension of the time of payment of the indebtedness due from him to said company as therein provided* [italics ours], we, the undersigned sure-

ties, do hereby jointly and severally promise and guarantee the full and complete payment of said indebtedness and for said medicines, extracts, and other articles, and the prepaid freight and express thereon, at the time and place and in the manner in said agreement provided.

(Witnesses sign here.)

Signed by 1st surety
in our presence:
W. M. Brinson, Millen, Ga.
L. E. Burke, Millen, Ga., R. F. D.
Signed by 2d surety
in our presence:
D. W. Wiggins, Butts, R. 1.
Homer Burke, Millen, Ga.

(Sureties sign here,
business men preferred.)
1st surety, A. D. Lawrence,
Occupation, farmer.
P. O., Butts, Ga.
2d surety, W. R. Rabistch,
Occupation, farmer.
P. O. address, Millen, Ga."

In *Manry* v. *Waxelbaum Company*, 108 *Ga.* 14 (33 S. E. 701), Mr. Justice Cobb said (p. 17): "It is contended that the contract sued on in this case is one of suretyship and not of guaranty. The two terms are frequently used interchangeably, and for this reason a great confusion has arisen in the books as to the proper distinction to be drawn between them. A guarantor is a surety in the sense that he obligates himself to pay the debt of another, but at the same time there is a very clear distinction between them. One difference is pointed out by our code. It says that a contract of suretyship 'differs from a guaranty in this, that the consideration of the latter is a benefit flowing to the guarantor.'" In *Wright* v. *Shorter*, 56 *Ga.* 76, Judge Bleckley said: "Guarantors, viewed in reference to the *consideration* of their contract, are either mere sureties or more than sureties. They are mere sureties when the consideration of the guaranty moves, not to them but to the person for whose performance they become bound. They are more than sureties when the consideration is a benefit flowing to themselves." In *Small Co.* v. *Claxton*, 1 *Ga. App.* 83 (57 S. E. 977), where the question was whether the contract sued upon was one of guaranty or suretyship, Chief Judge Hill said (p. 87): "We have little sympathy with artificial distinctions between principles of law which present no substantial difference as to matters of right and justice, which tend to confuse rather than to enlighten, and to furnish loopholes for technical escapes from contract obligations."

Section 3538 of the Civil Code of 1910 is as follows: "The contract of suretyship is that whereby one obligates himself to pay the debt of another in consideration of credit or indulgence, or other benefit given to his principal, the principal remaining bound therefor. It differs from a guaranty in this, that the consideration of the latter is a benefit flowing to the guarantor."

It appears from the face of the contract signed by the alleged sureties in the instant case that the consideration to the sureties was "one dollar" and "the execution of the foregoing agreement [the contract signed by the medical company and Marbach] by said company, and the sale and delivery by it to the party of the second part of its medicines, extracts, and other articles, and the extension of the time of payment of the indebtedness due from him to said company as therein provided." Under the code-section quoted above, and the rulings of the Supreme Court and of this court, one important distinction between a contract of guaranty and one of suretyship seems to be that in the former the benefits given under the contract must flow to the guarantors, and in the latter they must flow to the principal. This code-section and the court decisions bearing upon the subject must, however, be given a reasonable, and not an unreasonable, construction. Section 3540 of the Civil Code of 1910 declares that "the contract of suretyship is one of strict law, and his liability will not be extended by implication or interpretation." It is clear to us that the word "benefit," as used in section 3538, means some real and substantial, and not a mere nominal, benefit. On the face of the contract in the instant case, only an insignificant, nominal benefit, to wit, one dollar, flowed to the alleged sureties, while all of the real, important, and substantial benefits were given to the principal. Probably the most important of these benefits to the principal was the extension to him by the medical company of the time of payment of the debt, then due by him, amounting to over $1,200. The contract, when construed as a whole, clearly shows that the defendants who signed as sureties obligated themselves to pay the debt of their principal, Marbach, in consideration of the extension to him of the time of payment of this large debt, and of the other important benefits given him under the contract, and that these indulgences, granted to the principal, were the real consideration of their signing as sureties, and not the merely nominal, inconse-

quential amount of fifty cents apiece, which the contract says they received. In our judgment there. must be some real, substantial benefit, in addition to that accruing to the principal, flowing to one who signs a contract to make him a guarantor instead of a surety. It is possible that in a contract where no real, substantial benefit flowed to the principal, a merely nominal benefit flowing to one who signed as surety might be sufficient to make the latter a guarantor instead of a surety; but where, as in this case, substantial and important benefits are secured by the principal under the contract, it is inconceivable that the mere fact that a purely nominal benefit is in addition given to one signing himself as surety will change his status from that of a surety to that of a guarantor. In our judgment, however, while the distinction just discussed is an important one, the fundamental distinction between a contract of guaranty and one of suretyship is whether the persons signing as "sureties" or as "guarantors" are, under the terms of the contract, *primarily* liable for the promise of their principal, or only *secondarily* liable therefor. If they are primarily liable, they are sureties, and not guarantors. Under the terms of the contract in the case at bar, it seems to us that the defendants who signed the contract as sureties are clearly liable *primarily* for the undertakings of Marbach, their principal; and it follows that they are sureties and not guarantors.

In our opinion the court erred in holding the contract to be one of guaranty and in sustaining the demurrer.

*Judgment reversed. Jenkins and Bloodworth, JJ., concur.*