22201. WILSON BROTHERS *v.* HEARD.

DECIDED FEBRUARY 23, 1933. REHEARING DENIED MARCH 4, 1933.

*John C. Parker,* for plaintiffs. *W. G. Martin,* for defendant.

STEPHENS, J. The only restriction upon the right of a married woman to contract is that she can not make herself liable to pay her husband's debts, and "can not bind her separate estate by any contract of suretyship." Civil Code (1910), §§ 2993, 3007. These restrictions should not be extended beyond their clear import. Since the law makes a distinction between a contract of suretyship and one of guaranty (Civil Code, § 3538), and this difference in the two contracts is often very material to a determination of the rights of the parties—as, for instance, whether two defendants are joint obligors, and whether one can be sued in a county other than his

residence, as provided in the constitution (Civil Code, § 6541),—the inhibition upon a married woman's execution of a contract of suretyship should not apply to any other contract made by her. In . *National Bank of Tifton* v. *Smith,* 142 *Ga.* 663 (83 S. E. 526, L. R. A. 1915B, 1116), where a married woman executed a note, without consideration, to her son, as an accommodation, and he pledged the note to another as security for the latter's becoming a surety for the son's debt to a bank, it was held, in a suit on the note by the son's creditor against the married woman, that her obligation was that of a surety, and she was therefore not liable. The court said in the opinion: "A married woman can not make herself liable by becoming an accommodation indorser, and the spirit of the statute outlaws a contract fixing an ultimate liability for the same debt which she can not primarily contract. The whole arrangement contemplated a loan to the son on the faith of the mother's suretyship. If the son had borrowed the money from the bank on a note with his mother, her relation to the bank would have been that of a surety, and her indorsement would have been ineffectual to bind her to pay her son's debt, on account of the prohibition of the statute. Instead of undertaking to contract directly with the son's creditor, she contracted with one to assume a relation of suretyship on the faith of her promise that the ultimate liability of her son's default should be borne by her." In that case the contract of the married woman, when the payee indorsed the note and obtained the money upon it, became a contract of suretyship. It clearly was not a contract of guaranty.

The contract in the case now before the court is one whereby the defendant, Mrs. I. A. Heard, in consideration of $1 paid to her, and "the further consideration that Wilson Brothers of Chicago, Illinois, sell and deliver goods to Heard & Company Inc.," guarantees to Wilson Brothers payment at maturity for all goods purchased of them from time to time, by Heard & Company Inc. This contract obligates Mrs. Heard to pay for goods actually sold and delivered to Heard & Company Inc. Her liability is by virtue of a separate and distinct contract to that of Heard & Company, and for a separate consideration, and for a consideration flowing to her. It appears from the evidence that she was the largest stockholder in Heard & Company Inc. This fact must have constituted a further consideration for her execution of the contract. The contract is

an original undertaking on her part to pay for goods which may be sold and delivered to Heard & Company Inc. The contract expressly provides that no "notice of any kind in respect thereto" is required by Mrs. Heard. She therefore does not guarantee the default of Heard & Company Inc., but undertakes, without reference to any default by them, to pay for whatever goods may be sold and delivered to them. In so far as her obligation is an original undertaking to pay for goods sold and delivered to Heard & Company Inc., it is immaterial that Heard & Company Inc. may at the same time have purchased the goods and made themselves liable to pay therefor. *Freeman* v. *Coleman,* 86 *Ga.* 590 (12 S. E. 1064); *Finch* v. *Barclay,* 87 *Ga.* 393 (3) (13 S. E. 566). This is clearly a contract of guaranty, and not one of suretyship, and Mrs. Heard, notwithstanding she was a married woman, should be liable thereon. The court erred in finding in favor of the defendant's plea of suretyship.

In *Thompson* v. *Wilkinson,* 9 *Ga. App.* 367 (71 S. E. 678), the court was dealing with a contract by a married woman to pay a debt of her husband. That case is not authority for the proposition that a married woman can not bind her separate estate by a contract of guaranty.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*