24304. BRILLIANT COAL COMPANY *v.* GANDY *et al.*

DECIDED MAY 20, 1935.

*G. L. Worthy, Clayton Baker,* for plaintiff.

*S. P. Cain,* for defendants.

MacINTYRE, J. Brilliant Coal Company brought an action against "J. A. Gandy, as principal, and J. I. Gandy, as surety,"

averring that "said defendants are jointly and severally indebted to plaintiff in the sum of . . $311.08 . . upon an open account;" that "on August 22, 1932, . . J. I. Gandy executed and delivered to plaintiff a certain contract of suretyship, a copy of which is hereto attached;" and that "in pursuance of said contract of suretyship . . petitioner did extend credit . . to the said defendant J. A. Gandy, and . . did sell and deliver to the said J. A. Gandy three cars of coal of the total value of . . $311.08, which the said . . J. A. Gandy has never paid for, and for which he owes your petitioner . . $311.08, besides interest thereon." The prayer is that "petitioner . . have judgment against J. A. Gandy, as principal, and J. I. Gandy, as surety," for principal and interest.

It appears from an exhibit to the petition that said three cars of coal were shipped to J. A. Gandy on November 5, 1932, December 8, 1932, and February 8, 1933, respectively. At the bottom of the exhibit these words appear: "Account guaranteed by J. I. Gandy, Cairo, Ga." The other exhibit is as follows:

"Cairo, Ga., August 22, 1932.

"Brilliant Coal Company, Birmingham, Ala.

"Dear Sirs: The undersigned, J. I. Gandy, of Cairo, Ga., guarantees payment for any, or all, coal purchased by his son, J. A. Gandy, from the Brilliant Coal Company, of Birmingham, Ala. J. I. Gandy."

The exception here is to the judgment sustaining the defendants' demurrer and dismissing the petition; and, as correctly stated by counsel for plaintiff in error, "the material question raised by said demurrers is whether or not the action against the defendant J. I. Gandy, as surety, is one of guaranty or suretyship."

In differentiating contracts of suretyship from contracts of guaranty, Justice Cobb, speaking for the court in the case of *Manry* v. *Waxelbaum,* 108 *Ga.* 14, 17 (33 S. E. 701), said: "One difference is pointed out by our code. It says that a contract of suretyship 'differs from a guaranty in this, that the consideration of the latter is a benefit flowing to the guarantor.' Civil Code [of 1895], § 2966. . . In brief, we understand the difference to be this: A surety binds himself to perform if the principal does not, without regard to his ability to do so. His contract is equally absolute with that of his principal. They may be sued in the same

action, and judgment may be entered up against both. A guarantor, on the other hand, does not contract that the principal will pay, but simply that he is able to do so; in other words, a guarantor warrants nothing but the solvency of the principal. Before an action can be maintained against a guarantor, therefore, it must be shown that the principal is unable to perform. The surety says to the creditor, if your debtor will not pay, I will pay. The guarantor says to him, proceed first against the principal, and if he should not be able to pay, then you may proceed against me. It has been said that there is no instance in the books of a guarantor contracting jointly with his principal." · "It is often difficult to tell whether a particular contract is one of guaranty or suretyship. 'A surety and a guarantor have this in common, that they are both bound for another person; yet there are points of difference between them which should be carefully noted. A surety is usually bound with his principal by the same instrument, executed at the same time and on the same consideration. He is an original promisor and debtor from the beginning, and is held ordinarily to know every default of his principal. . . On the other hand, the contract of the guarantor is his own separate undertaking, in which the principal does not join. It is usually entered into before or after that of the principal, and is often founded on a separate consideration from that supporting the contract of the principal. The original contract of the principal is not the guarantor's contract, and the guarantor is not bound to take notice of its performance.' 1 Brandt on Suretyship (3d ed.), § 2. The surety joins in the same promise as his principal and is primarily liable; the guarantor makes a separate and individual promise and is only secondarily liable. His liability is contingent on the default of his principal, and he only becomes absolutely liable when such default takes place and he is notified thereof." *Musgrove* v. *Luther Publishing Co.,* 5 *Ga. App.* 279, 281 (63 S. E. 52). "In those cases relating to negotiable instruments, where, from the nature of the transaction and of the instrument, the sole test which need be applied is the one mentioned by the code section quoted, . . there is no great difficulty in arriving at a conclusion as to the nature of the contract. But since the distinguishing characteristics between these two kinds of contracts are not thus limited by the question of consideration, and since the test which has been mentioned is more in

the nature of an earmark, not such as to constitute but such as merely to indicate the true nature of the contract, and since such a test is therefore frequently indecisive . . , it is often necessary to bear in mind the true and fundamental distinctions between the one contract and the other. . . It is evident that a surety, who simply joins the principal in thus becoming liable upon the principal's obligation, will usually, from the nature of such transaction, become 'bound with his principal by the same instrument, executed at the same time and on the same consideration' (1 Brandt on Suretyship (3d ed.), § 2 . .); while a guarantor, who enters upon his own separate and distinct undertaking, will usually, from the nature of such a transaction, become bound before or after the obligation of the principal, and the contract 'is often founded on a separate consideration from that supporting the contract of the principal.' Brandt on Suretyship, supra. Thus it is that since the contract of guaranty must, like all other contracts, be founded on a consideration, and since the guarantor's promise can not be presumed to be founded on the consideration supporting the separate promise of the principal debtor, in which the guarantor does not join, it follows that as a general proposition a contract of guaranty must be expected to be founded on some new or independent consideration flowing directly to the guarantor. Civil Code (1910), § 3538. Such, as already indicated, need not always be the case, however; as, for example, where one has guaranteed payment for goods before their delivery, and on the faith of such guaranty, a sale and delivery is thereafter made to the principal. *Sims* v. *Clark,* 91 *Ga.* 302 (2) (18 S. E. 158); *Holmes* v. *Schwab,* 141 *Ga.* 44 (80 S. E. 313); *Small Co.* v. *Claxton,* 1 *Ga. App.* 83 (57 S. E. 977); *Sheffield* v. *Whitfield,* 6 *Ga. App.* 762 (65 S. E. 807); 28 C. J. 915, § 46 et seq. In cases such as these the agreement has been construed and upheld as a contract of guaranty, although no benefit flowing to the guarantor is apparent, unless it be under the general presumption that some benefit inures to him on account of credit extended to his principal. 1 Brandt on Suretyship (3d ed.), § 25." *Etheridge* v. *Rawleigh Co.,* 29 *Ga. App.* 698, 702 (116 S. E. 903). In *Small Co.* v. *Claxton* (supra), cited in the *Etheridge* case, the plaintiff sued J. B. Claxton for the balance due on an account against W. W. and H. J. Claxton, sons of the defendant. The contract upon which the

action was predicated is as follows: "The A. B. Small Co., Macon, Ga. Gentlemen:—My sons need some help through the summer, and I ask you to show them all the favors you can, and I will see that you get pay for anything you may sell them. Thanking you for your past favors to them, and assuring you of my appreciation of same, I remain, Yours truly, J. B. Claxton." The court held this letter to be a contract of continuing guaranty. In *Sims* v. *Clark,* 91 *Ga.* 302 (18 S. E. 158), the two notes held to create contracts of guaranty stated: (1) "Please ship the goods to Sims & Auchmuty, and I will see that it is paid when due;" (2) "Your favor of 4th inst. received and contents noted. You can ship the $300 worth of goods. I will become responsible or see that Sims & Auchmuty pays for them."

A valuable test for determining whether a contract is one of guaranty or suretyship is the meaning of the words employed therein. In the case of *Geiser Mfg. Co.* v. *Jones,* 90 *Ga.* 307 (17 S. E. 81), the following agreement indorsed on certain notes was held to constitute a contract of guaranty: "For a consideration not herein named, we guarantee the payment of this claim to the Geiser Manufacturing Co." In reaching a conclusion about the matter, Chief Justice Bleckley, speaking for the court, said: "In the present case, strangers to the paper entered into an express engagement with the payee at the time the notes were executed . . to guarantee payment. Why should it not be held that the parties, one and all, contemplated the class of contract which the words they employed, naturally and fairly construed, import, to wit a contract of guaranty?" In construing the contract in *Etheridge* v. *Rawleigh,* supra, as one of guaranty, the court emphasized the fact that it "was repeatedly referred to as one of guaranty."

We think it clearly appears from cases cited that in cases like the one at bar, the existence or non-existence of an expressed consideration in the contract is not a determining factor. In the instant case the contract under consideration antedates the account sued on by several months. The statement of account in the instant case, which must have been made by the plaintiff or its counsel, concludes with these words: "Account guaranteed by J. I. Gandy." In the letter signed by J. I. Gandy, he "guarantees" payment. Is it not significant that the only two writings appearing in the pleadings—the one prepared by the plaintiff, and the

other signed by the person sought to be held as a surety, both employ some form of the word "guaranty," and nowhere use the word "surety," or any similar word? It is also true that while the pleader *concludes* that J. I. Gandy's letter is a "contract of suretyship," he nowhere sets out in the petition any fact to sustain this conclusion. Before concluding this decision, we would call attention to the able discussion by Jenkins, P. J., in *Rawleigh* v. *Salter,* 31 *Ga. App.* 329 (120 S. E. 679), of the principles involved in cases similar to the one at bar. We hold that J. I. Gandy's contract is one of guaranty, and not of suretyship, and that the trial judge did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*