DURHAM *v.* GREENWOLD *et al.*

No. 12675. APRIL 15, 1939. REHEARING DENIED JUNE 14, 1939.

*Burress & Dillard,* for plaintiff in error.

*Dillon & Rose,* contra.

JENKINS, Justice. The Code, § 103-101, provides as follows: "The contract of suretyship is one whereby a person obligates himself to pay the debt of another in consideration of credit or indulgence, or other benefit given to his principal, the principal remaining bound therefor. It differs from a guaranty in this, that the consideration of the latter is a benefit flowing to the guarantor." Although the distinction between a surety and a guarantor is thus plainly set forth by the Code, it would seem that the line of de-

marcation as there drawn is not absolutely all-inclusive, since an original undertaking by which one induces the subsequent furnishing of goods to a third person by guaranteeing payment therefor has been uniformly recognized as an independent contract of guaranty, and not of suretyship; and this is true although no independent consideration flowing to the guarantor is apparent. *Sims* v. *Clark,* 91 *Ga.* 302 (supra) ; *Holmes* v. *Schwab,* 141 *Ga.* 44 (supra) ; *Baggs* v. *Funderburke,* 11 *Ga. App.* 173 (supra). Thus we must look deeper for what is the true and fundamental distinction between the two kinds of contracts, which the earmark given by the Code does not always unerringly disclose. A contract of suretyship is where, in consideration of the benefit extended to the principal debtor, one lends his credit by joining in the principal debtor's obligation, so as to render himself directly and primarily responsible with the principal on the same contract, and without any reference to the solvency of the principal. In such a case, the promise of each being one and the same, one consideration, the one flowing to the principal debtor, is all that is required, although there may be additional consideration flowing to the surety. Their liability being joint and several, they may be joined in the same action. *Heard* v. *Tappan,* 116 *Ga.* 930 (43 S. E. 375). A contract of guaranty exists where one lends his credit for the benefit of another, but under an obligation which is separate and distinct from that of the principal debtor, by which he renders himself secondarily or collaterally liable on account of any inability of the principal to perform his own contract; and is supported either as an original undertaking to guarantee satisfaction for benefits to be subsequently extended to the principal, or is based upon an independent consideration flowing directly to the guarantor. *Manry* v. *Waxelbaum,* 108 *Ga.* 14 (3), 17 (33 S. E. 701). Thus it is that since the contract of guaranty, like all other contracts, must be founded on a consideration, and since the guarantor's promise can not be founded on a past or contemporaneous consideration supporting the separate promise of the principal debtor, in which the guarantor does not join, it follows that, except as indicated, a contract of guaranty must be expected to be founded on some new or independent consideration flowing directly to the guarantor.

In the instant case, the rules which have been stated should not

be taken to mean that if upon the trial it should be made to appear that the married woman was the owner of the entire stock in the corporation on whose renewal obligation she became an ostensible guarantor, such ownership of stock would render the indulgence granted to the principal an independent consideration such as would support her independent contract of guaranty. If such a situation should be relied on as constituting the sole consideration supporting the alleged independent contract of guaranty, as distinguished from the contract of a surety which does not require a separate and independent consideration, the contract would fail. The holder of all the stock in a corporation is a separate entity from the corporation itself, and is not liable on its obligations. In order to become liable, a stockholder must become bound either as a surety or guarantor. If she seeks to bind herself as surety by joining in the corporation's obligation, no new separate and independent consideration is required in order to support the identical joint undertaking. In such a case the benefit to the principal is sufficient to bind both. In this case, however, the defendant being a married woman, she is expressly prohibited by the statute from gratuitously lending her credit by joining in the obligation of another in consideration of the benefit flowing solely to the principal. If she can be bound at all, it must be on her own separate contract of guaranty, supported by its own separate and independent consideration flowing directly to her. Is it possible to treat a consideration, which has already inured wholly and directly to the principal, as constituting a new separate and independent consideration in favor of a third person, seeking to bind herself as guarantor? The necessitated answer is that no new separate and independent consideration exists, for the reason that no consideration at all exists save that which has already been received by the principal. Just as powder can be shot but once, so a consideration received in its entirety by the principal debtor can not thereafter be used over again to support a new and separate contract by a new and different party, requiring a separate and independent consideration. As already said, it would be easy enough to sustain the defendant's liability under any such state of facts, were it possible to bind a married woman on a contract of suretyship. In order to sustain the contention that it does not require a separate and independent consideration for a person to individually bind

herself on the obligation of a corporation, where it appears that she is the sole stockholder, it would be necessary to treat the entities as merged and the liability therefore identical, without reference to any contract of guaranty. Since it is the fact that the entities are separate and distinct, and that the stockholder is not liable on the obligations of the corporation, despite any benefit which might indirectly flow to her on account of a consideration received by the corporation, it gets back at last to the one question as to whether, in order to bind herself on the corporate obligation, she entered upon a separate and distinct contract based upon a new, separate, and independent consideration flowing, not to the corporation, but directly to her. As set forth in the first headnote, under the ruling in the *Paris* case the contract was prima facie one of guaranty. In remanding the case for trial, the question to be determined is, did the defendant merely join in the renewal of the obligation of the principal debtor, for which she was not theretofore liable, in consideration of a benefit then flowing to the corporation? If so, this would meet all the requirements of a valid contract of suretyship, except that, under the special statutes relating to married women, such a contract could not be enforced against the defendant in this case. Or is it the fact that she entered upon a separate and independent contract of her own, based upon a new, separate, and independent consideration flowing directly to her, whereby she sought to become individually liable in the event of the default of the principal? If so, she would be bound as guarantor. It is not thought profitable to deal with the various decisions of foreign jurisdictions, inasmuch as the Code of this State has formulated its own rules governing the relationships of principal and surety and principal and guarantor, drawing the distinction between them, and has set forth the rights and disabilities of married women. See 28 C. J. 891 (§ 5), 920, 921 (§§ 54-56), where the peculiar rule under the Georgia statute is recognized. Since, under the rules above announced, the defendant ostensibly signed as a guarantor and not as a surety, the court did not err in overruling the demurrer to the petition.

*Judgment affirmed. All the Justices concur.*