### GREENWOLD GRIFT COMPANY *v.* DURHAM.

BELL, Justice. 1. Under the former decision in this case, which is now "the law of the case," mere indulgence to the principal as to the time of payment of the existing indebtedness would not constitute such an independent consideration as would make the undertaking of the defendant married woman a contract of guaranty as distinguished from one of suretyship. *Durham* v. *Greenwold,* 188 *Ga.* 165 (3 S. E. 2d, 585).

2. Nor would the creditor's promise to the defendant to extend additional credit to the principal, followed by actual extension thereof, amount to such an independent benefit flowing to the defendant as would characterize her agreement to pay the original indebtedness as one of guaranty. Code, § 103-101; *Durham* v. *Greenwold,* supra; *Musgrove* v. *Luther Publishing Co.,* 5 *Ga. App.* 279 (63 S. E. 52); *Raleigh Co.* v. *Salter,* 31 *Ga. App.* 329 (120 S. E. 679).

3 While an undertaking by which one induces the subsequent furnishing of goods to a third person by guaranteeing the payment therefor has been recognized as an independent contract of guaranty and not of suretyship, yet the liability in such case relates only to payment for the goods so furnished; and the principle thus applied could not be so extended as to render the furnishing of such goods a sufficient consideration for an independent contract of guaranty in reference to a previously existing indebtedness. The instant case differs on its facts from *Manry* v. *Waxelbaum Co.,* 108 *Ga.* 14 (33 S. E. 701), *Brilliant Coal Co.* v. *Gandy,* 51 *Ga. App.* 264 (180 S. E. 379), and similar cases. where the instru-

ments sued on as contracts of guaranty related directly to liability for credit to be later extended and which was later extended, and not, as here, to an existing indebtedness on the part of the principal.

4. Since the evidence showed no valid consideration for the agreement except as a contract of suretyship, which the law prohibited the defendant from making, she being a married woman, the evidence introduced by the plaintiff was insufficient to prove the case as laid, and the court did not err in awarding a nonsuit.

*Judgment affirmed. All the Justices concur.*

No. 13460. FEBRUARY 13, 1941.

*Dillon & Rose,* for plaintiff.
*Burress & Dillard* and *B. H. Burgess,* for defendant.