## 40303. BEARDEN v. EBCAP SUPPLY COMPANY.

RUSSELL, Judge. A contract of guaranty, whether entered into on the same or another instrument as that of the original obligation, whether executed at the same or a different time, and whether or not purporting to be the separate obligation of the signer, must, to be enforceable, show a consideration flowing directly to the guarantor. *Code* § 103-101. This is because it is a separate contract, and any contract, to be enforceable, must have a consideration. *Code* § 20-107; *Guggenheimer & Co. v. Gilmore,* 29 Ga. App. 540 (116 SE 67).

1. The guarantor's promise cannot be founded on a past consideration or one flowing to the debtor only, such as previous extension of credit to the principal debtor plus an agreement to postpone the time of collection of the principal's debt, and the fact that the purported guarantor is a married woman who owns all of the stock of the corporate debtor does not allow the court to pierce the corporate veil and to consider the benefit as one flowing directly to the owner. *Durham v. Greenwold,* 188 Ga. 165 (3 SE2d 585).

2. "Nor would the creditor's promise to the defendant to extend additional credit to the principal, followed by actual extension thereof, amount to such an independent benefit flowing to the defendant as would characterize her agreement to pay the original indebtedness as one of guaranty." *Greenwold Grift Co. v. Durham,* 191 Ga. 586 (2) (13 SE2d 346).

3. Ebcap Supply Company filed suit against Peoples Plumbing Co., Inc. which was indebted to it for materials furnished in the sum of $14,818.32 as evidenced by a promissory note, joining as defendants R. B. Bearden, manager of the debtor,

by reason of his contract of guaranty given in consideration of the creditor's waiving its right to file a materialman's lien, and also joining the plaintiff in error, his wife, whose liability was contended to be based on a separate instrument signed by her reciting that in consideration of the creditor's agreement to withhold immediate legal action toward collection of the indebtedness and in lieu thereof to accept a corporate note due in six months, and its further agreement to extend additional credit to the corporation for materials to be used in any jobs where the owner of the premises agrees to make all payments on plumbing contracts payable jointly to the plaintiff Ebcap and the corporate debtor Peoples Plumbing Co., she "guarantees the payment of the herein described note according to its terms and conditions [and] the payment of any and all indebtedness Peoples Plumbing Co., Inc. may hereafter incur to Ebcap Supply Co. . . . created hereafter but prior to the due date of said note or any extensions thereof." Under the above authority neither these commitments on the part of the plaintiff nor the fact that the defendant was sole owner and stockholder of the corporate debtor is sufficient to constitute a consideration flowing to the plaintiff in error insofar as the collection of the past due indebtedness is concerned. The instrument is therefore not a legally enforceable contract of guaranty. As a suretyship agreement it is of course unenforceable against a married woman. *Code* § 103-101.

It follows that the trial court erred in overruling the motion for a new trial.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

DECIDED SEPTEMBER 25, 1963.

*Aycock, Ivey & Slotin, Phillip Slotin,* for plaintiff in error. *Arnold Shulman,* contra.