41878. NATIONAL ACCEPTANCE COMPANY v. FULTON NATIONAL BANK OF ATLANTA et al.

ARGUED MARCH 8, 1966—DECIDED APRIL 5, 1966—
REHEARING DENIED APRIL 21, 1966—

*Nolan B. Harmon, G. William Thackston, Jr.,* for appellant.

*Nall, Miller, Cadenhead & Dennis, Theodore G. Frankel, Gerald A. Friedlander, Clarence C. Calhoun, Jr.,* for appellees.

HALL, Judge. This case brings to the court's attention again the unreliability of the law on the subject of agreements to guarantee the debt of another, and the difficulty of anticipating before litigation whether in signing a particular contract one becomes a surety or a guarantor. We sympathize with the attorneys and the trial court who have tried to determine which type was the contract in this case. Courts have long discussed the "state of inextricable confusion" (*Fields v. Willis*, 123 Ga. 272, 275 (51 SE 280); *General Finance Corp. of Atlanta, Northeast v. Welborn*, 98 Ga. App. 280, 284 (105 SE2d 386)), and

the same ground has been plowed through earlier decisions in case after case. The only present certainty is that predictability does not exist in this field. Considering the confusion, if not conflict, in judicial precedents deciding whether a contract in dispute was one of suretyship or guaranty, the question arises whether the law is reasonable in prohibiting a married woman from contracting to become a surety (*Code* § 53-503) and permitting her to make a contract of guaranty (*Durham v. Greenwold*, 188 Ga. 165 (3 SE2d 585); *Wilson Bros. v. Heard*, 46 Ga. App. 497 (167 SE 913); *General Finance Corp. of Atlanta, Northeast v. Welborn*, 98 Ga. App. 280, 285, supra). If in the present social and economic conditions there are reasons of public policy for prohibiting a married woman from becoming a surety and primarily liable with the principal for payment of the principal's debt, while permitting her to guarantee that a debt is collectible from the principal, so that she becomes liable only if the creditor is unable to collect from the principal debtor, they should be reconsidered and acted upon by the legislature. See Field, Security Transactions, 4 Mer. L. Rev. 153, 154. Some states have abolished the distinctions between surety and guaranty contracts. See 38 CJS 1136, Guaranty, § 6. Any rules adopted by the Supreme Court or by the legislature which are certain would be better than the uncertainty created by the variant precedents.

In any event, the contract in dispute on this appeal prima facie has some characteristics of both kinds of contracts. Indicating that the obligor will be primarily liable with the principal, a characteristic of a surety contract, it recites that the obligors "do hereby unconditionally guarantee . . . the prompt payment in full when due or declared due and at all times thereafter (waiving notice of non-payment of any and all indebtedness . . . now or hereafter owing or to become owing by the debtor to you . . ." and that the creditor "shall not be required to prosecute collection, enforcement or other remedies against the debtor. . . before calling on us for payment nor shall our liability in any way be released or affected by reason of any failure or delay on your part so to do." Indicating a benefit flowing to the obligors, by which *Code* § 103-101

differentiates a guaranty, the contract recites that it is executed "for value received" and that "it will be to the direct interest and advantage of the undersigned" that credit be extended to the principal debtor. The undisputed evidence before the trial court, however, was that the defendant did not herself directly receive anything of value as consideration.

To arrive at some solution to the present dispute it was necessary again to study and attempt to arrive at some understanding from precedents. Therefore we will set down once more some of the holdings in earlier cases.

The distinction recognized by *Code* § 103-101, that a guaranty differs in that its consideration "is a benefit flowing to the guarantor" rather than "credit or indulgence, or other benefit given to his principal," is not determinative or conclusive. *Smith v. Aultman,* 30 Ga. App. 507 (118 SE 459); *Whitley v. Powell,* 47 Ga. App. 105 (169 SE 766); *Brilliant Coal Co. v. Gandy,* 51 Ga. App. 264, 268 (180 SE 379); cf. *Bearden v. Ebcap Supply Co.,* 108 Ga. App. 375 (133 SE2d 62).

When the contract recites a consideration to the obligor, it is prima facie one of guaranty. *Durham v. Greenwold,* 188 Ga. 165, 169, supra. The contrary view is set out in *Watkins Medical Co. v. Marbach,* 20 Ga. App. 691 (93 SE 270). And when a contract contemporaneous with the contract of the principal recited no consideration to the obligor, it was held to be prima facie one of suretyship. *Fields v. Willis,* 123 Ga. 272 (51 SE 280).

The rulings in other cases may not apply when the contract in dispute is a negotiable instrument. See *Etheridge v. Rawleigh Co.,* 29 Ga. App. 698, 702 (116 SE 903); *Georgia Cas. Co. v. Dixie Trust Co.,* 23 Ga. App. 447 (98 SE 414); *Baggs v. Funderburke,* 11 Ga. App. 173 (74 SE 937).

The fundamental difference is that a surety becomes primarily liable for the principal's debt in that he obligates himself to pay the debt if and when the principal defaults in payment; and the guarantor obligates himself to become secondarily liable, in that he will pay only if the debt becomes uncollectible from the principal. *Manry v. Waxelbaum Co.,* 108 Ga. 14 (33 SE 701); *Watkins Medical Co. v. Marbach,* 20 Ga. App. 691, supra. Accordingly, language in the contract that the obligor "guarantees

payment," or indicating that the obligor intended to become primarily liable, can be an important factor in determining that the obligor was a surety. *Guaranty Mortgage Co. of Atlanta v. National Life Ins. Co.*, 55 Ga. App. 104, 117 (189 SE 603); *Fagelson v. Pfister Aluminum Corp.*, 109 Ga. App. 663, 666 (137 SE2d 313).

But when the intent gathered from the language of a contract separate from the contract of the principal is that the obligor undertakes to vouch for the solvency of his principal rather than to join in an identical obligation with the principal, the contract has been held to be a guaranty despite language that the obligors "guarantee payment," or that "it shall not be necessary for [the creditor], in order to enforce the contract, "to first institute suit or exhaust legal remedies" against the principal. *Manry v. Waxelbaum Co.*, 108 Ga. 14, 18, supra; *Etheridge v. Rawleigh Co.*, 29 Ga. App. 698, supra; *Rawleigh Co. v. Salter*, 31 Ga. App. 329, 332 (120 SE 679); *W. T. Rawleigh Co. v. Overstreet*, 71 Ga. App. 873, 880 (32 SE2d 574); *Headrick v. Furst-McNess Co.*, 107 Ga. App. 561 (130 SE2d 809).

In one class of cases, contracts in which the obligor, by a contract separate from that of the principal debtor, guarantees payment for goods to be delivered to the principal in the future have been held to be contracts of guaranty. *Manry v. Waxelbaum Co.*, 108 Ga. 14, supra; *Musgrove v. Luther Pub. Co.*, 5 Ga. App. 279 (63 SE 52); *Brilliant Coal Co. v. Gandy*, 51 Ga. App. 264, 269, supra; *Rawleigh Co. v. Salter*, 31 Ga. App. 329, supra; *Wilson Bros. v. Heard*, 46 Ga. App. 497, supra; *General Finance Corp. of Atlanta, Northeast v. Welborn*, 98 Ga. App. 280, supra; cf. *Etheridge v. Rawleigh Co.*, 29 Ga. App. 698, 701, supra; *Bearden v. Ebcap Supply Co.*, 108 Ga. App. 375, supra.

And such obligors have been held subject to suit on the contract of guaranty even though legal remedies for collection have not been pursued against the principal. *Sims & Auchmuty v. Clark & Co.*, 91 Ga. 302 (18 SE 158); *Small & Co. v. Claxton*, 1 Ga. App. 83, 87 (57 SE 977); *Arkansas Fuel Oil Co. v. Young*, 66 Ga. App. 33, 36 (16 SE2d 909). But it has been held that such guarantors cannot be joined in a suit against the principal

debtor.. *Musgrove v. Luther Pub. Co.*, 5 Ga. App. 279, supra; *Etheridge v. Rawleigh Co.*, 29 Ga. App. 698, supra; *Rawleigh Co. v. Salter*, 31 Ga. App. 329, supra; cf. *Holmes v. Schwab & Sons*, 141 Ga. 44 (80 SE 313).

". . . An undertaking by which one induces the subsequent furnishing of goods to a third person has been recognized as an independent contract of guaranty and not of suretyship," but the subsequent furnishing of goods to a third person is not "a sufficient consideration for an independent contract of guaranty in reference to a previously existing indebtedness." *Greenwold Grift Co. v. Durham*, 191 Ga. 586 (13 SE2d 346). In *Wilson Bros. v. Heard*, 46 Ga. App. 497, supra, a contract of a married woman to guarantee payment for goods purchased in the future, reciting a consideration of $1 only, was enforced. But an agreement of a married woman without direct consideration to her, to guarantee the payment of a previously existing indebtedness was held unenforceable. *Durham v. Greenwold*, 188 Ga. 165, supra; *Greenwold Grift Co. v. Durham*, 191 Ga. 586, supra.

The decision in *General Finance Corp. of Atlanta, Northeast v. Welborn*, 98 Ga. App. 280, supra, held to be a guaranty a contract by a married woman guaranteeing payment of the debts of a corporation "whether now, heretofore or hereafter accrued or contracted," when the contract itself showed that the consideration was the extension of credit to the principal and that the obligor guaranteed that the debtor would pay and agreed that the obligor would be liable without the creditor proceeding against the principal. Cf. *Rawleigh Co. v. Salter*, 31 Ga. App. 329, supra. We believe that the decision in that case was correct in reversing a judgment sustaining a general demurrer to the petition based upon such a contract. *Greenwold Grift Co. v. Durham*, 191 Ga. 586, supra; *Wilson Bros. v. Heard*, 46 Ga. App. 497, supra. However, the decisions in *Durham v. Greenwold*, 188 Ga. 165, supra, and *Greenwold Grift Co. v. Durham*, 191 Ga. 586 supra, and the other "rules" discussed in this opinion would require a holding that the obligor on such a contract becomes a surety and cannot be bound insofar as the contract guarantees payment of the principal's indebtedness existing at the time the obligor executed the contract.

The agreement in the present case, like that in the *General Finance Corp.* case, guarantees payment of all indebtedness "now or hereafter owing or to become owing" by the principal. The evidence shows that the plaintiff made advances to the principal after the defendant executed the agreement but it is not perfectly clear from the evidence whether the sum sued for included some amount already owed by the principal when the defendant executed the agreement. Accordingly, the trial court erred in granting the defendant's motion for summary judgment.

We do not suppose that this decision alleviates the uncertainty in the application of the law of suretyship and guaranty, but it represents the best we can do with the authorities as we find them.

*Judgment reversed. Nichols, P. J., and Deen, J., concur.*