## 48193. PARKER v. PUCKETT et al.

PANNELL, Judge. Granite Equipment Leasing Corporation, plaintiff below, leased certain equipment to Corporate Consultants, Inc., of which J. A. Parker was a stockholder and the payment of which lease, over a 60-month period he "guaranteed." Parker and other stockholders of Corporate Consultants, Inc., sold their stock in said corporation to Imperial Training Institute, Inc., and Imperial Institute, Inc. assumed the obligations of Corporate Consultants, Inc., and specifically the lease contract, which was current at the time of sale. This stock sale contract contained a paragraph No. 5.3 reading as follows: "On Closing Date, the Purchaser will cause Mrs. Wilhelmina Hall, Mr. Charles I. Reynolds and Mrs. Tommie Puckett, acting in their individual capacities, to personally guarantee the payment by Corporate Consultants of the Assumed Liabilities and to agree to indemnify the Sellers with respect to and to hold the Sellers harmless from any loss or damage to the Sellers arising out of or in connection with the failure by Corporate Consultants to pay the Assumed Liabilities as and when the same shall become due and payable." After the signatures of the individual sellers and the corporate officer of the Imperial Training Institute, Inc. had been affixed and on the same page there appears what is termed "individual undertakings" which reads as follows: "For and in consideration of the sum of $1.00 paid to each, the receipt of which is acknowledged, Mrs. Wilhelmina Hall, Mr. Charles I. Reynolds and Mrs. Tommie Puckett jointly and severally agree to be bound by the provisions

of paragraph 5.3 of the within and foregoing 'Agreement Concerning Sale of Stock,' dated June 1, 1970, among Imperial Training Institute, Inc., as Purchaser, and Carolyn P. Dimsdale, James J. Heine and James A. Parker, as Sellers," which was signed by the respective named parties the same day as the agreement concerning sale of stock.

Granite Equipment Leasing Corporation, Inc., brought action against James A. Parker on his "guarantee" made in behalf of Corporate Consultants, Inc., as to the original lease equipment contract. Parker in turn brought a third party complaint against Mrs. Tommie Puckett, and the others. Upon the trial, the court sustained a motion for directed verdict in behalf of the plaintiff, Granite Equipment Leasing Corporation, Inc., and against James A. Parker. The court overruled Parker's motion for directed verdict as against Mrs. Tommie Puckett and sustained a motion for direction of verdict in favor of Mrs. Tommie Puckett as against James A. Parker. Parker appealed, enumerating the last two rulings as error. The parties stipulated as to the amount of the indebtedness owed by Corporate Consultants, Inc. to Granite Equipment Leasing Corporation, Inc., and Mrs. Puckett proved she was married at the time in question and testified as to the circumstances surrounding her signatures as follows: that Mrs. Hall was president of the Imperial Training Institute, Inc., and told Mrs. Puckett she would make her an officer and induced Mrs. Puckett to sign the contract saying that Mrs. Puckett would have a part in the earnings of the corporation, which Mrs. Puckett never received; that she accepted the office of secretary, but it was on the promise of consideration, and that Mrs. Hall induced Mrs. Puckett to become secretary and to perform that function on the promise of sharing in the profits of the Imperial Training Institute, Inc.; and that if it was a profitable venture she would share in the profits and own some stock in it, at one time to be 5% and another time possibly more. *Held:*

If the contract executed by the third party defendant Puckett be, as to James A. Parker, one of suretyship it does not bind that portion of her separate estate which is composed of tangible personal property (Code § 53-503, as amended; Ga. L. 1969, pp. 72, 73); if it be one of guaranty, or indemnity, she is without this restriction, liable over to James A. Parker, insofar as she has contracted, on the judgment directed against him in favor of plaintiff, Granite Leasing Corporation. See *General Finance Corp. v. Welborn,* 98 Ga. App. 280 (105 SE2d 386); *Wilson Bros.*

*v. Heard,* 46 Ga. App. 497 (167 SE 913); *Durham v. Greenwold,* 188 Ga. 165 (3 SE2d 585). "The contract of suretyship is one whereby a person obligates himself to pay the debt of another in consideration of credit or indulgence, or other benefits given to his principal, the principal remaining bound therefor. It differs from a guaranty in this, that the consideration of the latter is a benefit flowing to the guarantor." Code § 103-101. "The obligation of the surety is assessory to that of his principal, and if the latter from any cause becomes extinct the former shall cease of course, even though it is in judgment. If, however, the original contract of the principal was invalid from a disability to contract, and this disability was known to the surety, he shall still be bound." Code § 103-102. "The form of the contract is immaterial, provided the fact of suretyship exists; hence, an accommodation endorser is considered merely as a surety." Code § 103-104. (No commercial paper being here involved, the provisions of the Uniform Commercial Code §§ 109A-3—415, 109A-3—416 have no application). While the provisions of Code §§ 103-101 and 103-102 is a codification of the common law *(Phillips v. Solomon,* 42 Ga. 192, 197; *McIntyre v. Moore,* 105 Ga. 112, 113 (31 SE 144); *Schwitzerlet-Seigler Co. v. C. & S. Bank,* 155 Ga. 740, 746 (118 SE 365)), it does not state the sole distinction between a contract of guaranty and one of suretyship. See *General Finance Corp. v. Welborn,* 98 Ga. App. 280, supra; *National Acceptance Co. v. Fulton Nat. Bank,* 113 Ga. App. 517 (148 SE2d 907); *Fields v. Willis,* 123 Ga. 272 (51 SE 280).

The agreement here is "to indemnify the sellers with respect to and to hold the sellers harmless from any loss or damage to the sellers arising out of or in connection with the failure by Corporate Consultants, Inc. to pay the assumed liabilities as and when the same shall become due and payable." The language is plain and needs no construction. It is clearly of indemnity as to any rights of James A. Parker against Mrs. Tommie Puckett.

"An indemnity contract is defined by Black's Dictionary of Law as 'An agreement between two parties, whereby the one party, the indemnitor, either agrees to indemnify and save harmless the other party, the indemnitee, from loss or damage, or binds himself to do some particular act or thing, or to protect the indemnitee against liability to, or the claim of, a third party.' Citing 10 Am. & Eng. Enc. Law, 402. 'Indemnity' means 'reimbursement, restitution, or compensation.' *Travelers Ins. Co. v. Georgia Power Co.,* 51 Ga. App. 579, 583 (181 SE 111). 'In a

contract of indemnity the indemnitor, for a consideration, promises to indemnify and save harmless the indemnitee against liability of the indemnitee to a third person, or against loss resulting from such liability. The contract of the indemnitor is an original undertaking.' 1 Brandt, Suretyship and Guaranty, § 5, pp. 19, 20; *National Bank of Tifton v. Smith*, 142 Ga. 663, 665 (83 SE 526, LRA 1915B, 116). As stated in the written opinion of the trial court, 'An indemnity contract differs from a guaranty in that the former is an original rather than a collateral undertaking and generally undertakes to make good the promisee's loss resulting from his liability to another rather than from another's liability to him.' 38 CJS, Guaranty, § 5." *National Bank of Monroe v. Wright*, 77 Ga. App. 272, 275 (48 SE2d 306).

We, accordingly, hold that the trial judge erred in overruling James A. Parker's motion for a directed verdict as against Mrs. Tommie Puckett, and erred in sustaining a motion for directed verdict in favor of Mrs. Tommie Puckett and against James A. Parker.

*Judgment reversed. Eberhardt, P. J., and Stolz, J., concur.*

ARGUED MAY 4, 1973 — DECIDED JUNE 20, 1973.

*Grizzard & Simmons, T. Charles Allen,* for appellant.
*Cobb & Blandford, John L. Blandford,* for appellees.