Bernis W. Stone, Plaintiff, *v.* Commonwealth Finance Corporation, Defendant.*

Supreme Court, New York County, April 21, 1924.

Contracts — requisites and validity — complaint reciting eighty-one causes of action alleges defendant, after giving assurance it would give financial support toward establishment of trade exposition at Buenos Aires, did not respond to extent necessary to continue project — liability predicated on letter written by defendant to subsidiary to effect it stood ready to place its resources behind project — letter does not constitute contract — complaint dismissed.

Defendant, a financial corporation, which plaintiff charges with breach of contract in that defendant, after giving its assurance that it would render sufficient

---

* Affirmed by the Appellate Division (215 App. Div. 704), two justices dissenting, except as to the 81st cause of action. Affirmed by the Court of Appeals (243 N. Y. —).

financial assistance to the establishment of a trade exposition in Buenos Aires, did not respond to the extent necessary to insure the establishment of the exposition, which was abandoned at substantial losses to plaintiff's assignors after contracts were obtained from exhibitors and payments received for space and facilities, cannot be made liable upon allegations predicated on certain clauses contained in a letter written by defendant to one of its subsidiaries to the effect that defendant was " ready to place our resources behind this project to the extent that may be necessary to insure its complete success," for the reason that the letter not only lacks any expression which can be construed as an offer to enter into a contract but evidences neither an offer nor any intent to assume contractual liability. The letter was merely a statement of intention, and in the absence of an expression of any essential element of agreement, plaintiff's complaint, which recites eighty-one causes of action for breaches of contract, must be dismissed.

MOTION to dismiss the amended complaint on the ground that none of its eighty-one counts states a cause of action.

*Goldman & Unger [William F. Unger* and *Samuel Rubin* of counsel], for the plaintiff.

*George Edwin Joseph,* for the defendant.

GAVEGAN, J. For present purposes, defendant may be regarded as identical with another corporation which it succeeded. Clarity and brevity will be served by referring to the corporation thus replaced as defendant. There was a subsidiary referred to herein as the Expositions Company.

The complaint shows that it was planned to have the subsidiary corporation establish a trade or commercial exposition at Buenos Aires; that to this end it sought and obtained contracts with prospective exhibitors who made payments for space, facilities and advertising and went to expense preparing their exhibits; that defendant furnished financial assistance to the project but not to an extent such as to insure the establishment of the exposition, which was abandoned, with the result that the Expositions Company and the prospective exhibitors who had entered into contracts with it all suffered substantial losses.

We may assume that the complaint shows as well that the Expositions Company had defendant's assurance of financial backing sufficient to go through with the plan and make it a success; and that the contracts with the exhibitors, pursuant to which they respectively made payments to the subsidiary company and went to expense preparing their exhibits, were obtained by the Expositions Company on the faith of defendant's financial backing.

It is alleged that, when the Expositions Company failed to carry out the project because such financing was not forthcoming from defendant, the subsidiary company and the prospective exhibitors assigned to plaintiff the claims they respectively made against

defendant for loss resulting from such failure. It may also be gathered from the complaint that the collapse of the enterprise was the result of defendant's neglecting to render sufficient financial assistance, according to its assurances given to the Expositions Company and intended to be conveyed to prospective exhibitors for the purpose of inducing them to enter into the contracts with that company.

The claims referred to are pleaded as breaches of contract. The allegations relied on to show contracts between the exhibitors and the defendant or a contract between the Expositions Company and defendant are all fundamentally based on a letter written by defendant to its said subsidiary which reads as follows:

" COMMONWEALTH FINANCE CORPORATION
"Authorized Capital $17,500,000
" 100 Broadway,
" New York

" Officers
" Henry D. Tudor, President
" Charles C. Dickson, Vice President
" Charles W. Thomas, Vice President
" Theodore L. Weed, Vice President
" Ormsby McHard, Secretary & Treasurer

"*April* 6, 1920.

" AMERICAN NATIONAL EXPOSITIONS, INC.,
" Bush Terminal Building,
" New York City, N. Y.:

" GENTLEMEN.— We are informed that you have had inquiries as to your financial backing and responsibility. We wish to state that this Exposition company is owned and controlled by one of our subsidiary companies, and that we are giving it our full cooperation and support, and are ready to place our resources behind this project to the extent that may be necessary to insure its complete success.

" We are doing this in the belief that the expansion of American trade in foreign markets, particularly to our sister republics in South and Central America, is of the greatest importance both to American manufacturers and Latin-American consumers, and because we believe that a great and dignified Exposition such as is now in process of preparation will be a real influence in bringing such manufacturers and consumers together.

" You are at liberty to use this information in such way as you deem best.              Very truly yours,
" HENRY D. TUDOR,
"*President, Commonwealth Finance Corporation.*"

On this letter defendant's contract with or for the benefit of each exhibitor is predicated.    The first forty counts are all on the same theory, each being an attempt to set up a contractual obligation in the nature of a guaranty, running to an exhibitor from defendant, that it would back the Expositions Company as indicated.    Counts forty-one to eighty inclusive each purport to set forth defendant's contractual obligation for the benefit of an exhibitor, such obligation being an agreement with its subsidiary to so back it in the project.    The eighty-first statement is of a so-called cause of action for breach of contract with the Expositions Company, the same obligation of defendant, to provide financial backing, being alleged and relied on.

Every count of the complaint is thus exemplified by the first, the forty-first or the eighty-first.

It is alleged that the letter quoted was delivered by defendant to its said subsidiary with the intent and purpose that it be effective as to all persons who might contract with the Expositions Company for space, accommodations and advertising, and that it was relied on by the exhibitors when entering into such contracts.    It is alleged in the second group of counts that the letter was an agreement by defendant with its subsidiary delivered with the intent and purpose that it be for the use and benefit of all who might enter into such contracts with the Expositions Company.

As stated by counsel for plaintiff: (1) The theory of the first cause of action is that the letter is a guaranty by which defendant assumed a secondary obligation to carry out contracts of the Expositions Company in connection with the proposed exposition; (2) the theory of the forty-first count is that by this letter defendant assumed a " direct " obligation for the benefit of and enforcible by those who might enter into such contracts with the Expositions Company; and (3) the theory of the eighty-first count is that by the letter defendant assumed a contractual obligation with the Expositions Company to advance funds sufficient to insure the success of the exposition, which obligation defendant failed to perform, an assignment to plaintiff being alleged.

An analysis of each of these counts shows very clearly the fundamental allegation in each to be to the effect that the letter quoted above, Exhibit "A" to the complaint, is an offer which has ripened into a contract, so that it constitutes a statement of defendant's obligations under a contract.    Manifestly it is not such.    No amount of characterization can change its nature.    It lacks any expression which can be construed as an offer to enter into a contract.    In a sense it is an assurance.    But every expression in the nature of an assurance is not a guaranty.    This is not made such

by allegations to the effect that its purpose was to induce the Expositions Company or others to enter into the exposition project.

The letter is a mere statement of intention. Neither an offer nor intent to assume contractual liability nor the essential element of agreement can be discovered or implied. A motive to overreach, were it apparent, would not serve plaintiff's purpose in this action.

He says that business documents not written by lawyers must be given such reasonable interpretation as business men would be likely to give them. No business man or lawyer would ever think that by virtue of this letter he had the contractual obligation of the corporation for which it was written.

The authorization to use the letter " in such way as you deem best " cannot give it a meaning of which it is not susceptible. It lends support to the assertion that defendant's purpose was to have the letter used to induce prospective exhibitors to enter the enterprise. But it warrants no inference that they secured contracts with or the benefit of a contract with defendant when, relying on the letter, they contracted with defendant's subsidiary.

It is useless to attempt to convert the letter into a contract or to attempt to show it to be one by allegation or argument to the effect that, however informal and loose the expression, it must be construed according to its apparent and obvious purpose and intent; that this letter was intended to be used and was used as a means of procuring standing or credit for the Expositions Company; that it was a binding pledge of the financial support which would have made the exposition a reality and a success; that it was delivered with the intent and purpose that it be effective as to all persons who might enter into contracts with the subsidiary corporation; that defendant itself gave the letter the construction contended for by plaintiff when it commenced to advance funds for the project; or by similar allegation and argument. All of this is without effect in view of the writing which on its face is not the guaranty or any other contract it is alleged to be. It is not capable of construction which would support the complaint on this challenge for insufficiency.

Plaintiff says defendant should be held liable for scattering ambiguous words by which the other parties were misled to their injury. The difficulty is that here plaintiff is endeavoring to make a contract out of something which is not such and could not reasonably have been regarded by his assignors as being such. He asks us not merely to construe a contract but to discover one in a writing which bears no suggestion of intent to make an agreement with anybody.

The motion will be granted. Settle order on notice.