Louis Gregory ALLEN, Appellant,

v.

Jerome Donald ALLEN and Dorothy M.
Sheppard, Appellees.

Louis Gregory ALLEN, Administrator of the
Estate of William Kenneth Allen,
Appellant,

v.

Jerome Donald ALLEN and Dorothy M.
Sheppard, Appellees.

Nos. 1956, 1957.

Municipal Court of Appeals for the
District of Columbia.

Argued March 27, 1957.

Decided June 13, 1957.

Alex Moncure Bloxton, of the Bar of the State of Virginia, Falls Church, Va., pro hac vice, by special leave of court, with whom John G. Epaminonda, Falls Church, Va., was on the brief, for appellant.

J. George Gately, Washington, D. C., for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

In 1898 by deed of conveyance from an aunt, appellees, who are brother and sister, became tenants in common of certain improved real estate. The conveyance was subject to the condition that appellees provide their father and mother a comfortable home on the premises for as long as they lived, unless the mother became the wife of another husband. By 1938 the father had died and the family consisted of appellees, their mother, and three brothers who were born after the 1898 conveyance. In that year appellees at the request of the mother, entered into a written agreement with her whereby "in consideration of the sum of One ($1.00) Dollar to them paid by Julia A. Allen (the mother), the receipt whereof is hereby acknowledged," they promised and agreed that in the event of the sale of the property during their lifetime, they would divide the proceeds equally among themselves and their three brothers.

The mother died in 1951 and in 1953 appellees sold the property for $15,000. These suits were then brought by one of the three brothers, one suit being on his own behalf and the other as administrator of a deceased brother's estate, each claiming one-fifth share of the $15,000. The original 1938 agreement had either been lost or misplaced, but a copy thereof was received in evidence. While the agreement recited that appellees and the mother "have hereunto set their hands and seals," the copy did not disclose anything purporting to be a seal after the signatures of the parties.

The trial court found that the agreement was a simple contract not under seal, and ruled that the consideration of one dollar was "grossly inadequate" to support the contract. Judgment was entered for appellees and these appeals followed.

Appellant first argues that since the agreement of 1938 recited that it was executed under seal, appellees are estopped from contending that it was otherwise, and that the trial court was in error in holding it was a simple contract. Under the circumstances of this case, where only a copy of the agreement was presented to the court and such copy disclosed nothing purporting to be a seal and merely recited that the parties had affixed their hands and seals, there was a factual question to be determined by the court whether or not the original was executed under seal. We cannot hold that the finding that the instrument was a simple contract was erroneous.

Appellant next argues that it was error for the trial court to question the adequacy of the consideration recited in the agreement. In ruling that the consideration was grossly inadequate, the trial court relied on our case of Sloan v. Sloan, D.C. Mun.App., 66 A.2d 799, wherein we held that, although generally a court will not inquire as to the adequacy of the consideration, where there is an agreement to exchange unequal sums of money and the sums are grossly disproportionate, the agreement will not receive the sanction of the courts. We agree with appellant that the Sloan case is inapplicable here. This was not an exchange of unequal sums of money. Appellees' promise was that should

the property be sold during their lifetime they would divide the proceeds equally with their three brothers. If the property were not sold, they were not bound to pay anything; and they were not obligated to sell unless they so desired.

However, we think the trial court's denial of recovery was sound for another reason, and in the discussion of this reason will be found the answer to appellant's final contention that the recital of receipt of one dollar consideration estopped appellees from showing the real consideration or lack thereof.

The testimony was that the one dollar mentioned in the agreement as consideration was never paid by the mother to appellees and they received no consideration whatever for signing, that they signed in order to please their mother, and that one of appellees even paid the lawyer's fee of $10 for preparing the agreement. We think it is plain from this testimony, and implicit in the trial court's reference to the "stated payment of One ($1.00) Dollar" as the only consideration, that the one dollar not only was not paid but was never intended to be paid.

As stated in the Sloan case, adequacy of consideration is not required; and if one dollar is intended as the consideration and paid and accepted as such, it is sufficient consideration. However, a stated consideration which is a mere pretense and not a reality is not sufficient; because if in fact no consideration was intended and none given, recital of a consideration cannot make the promise enforceable. Restatement, Contracts § 82; Corbin on Contracts § 130; Williston on Contracts (Rev. Ed.) § 115(b).

The recital in the agreement of a consideration and acknowledgment of payment thereof was evidence that such consideration was agreed upon by the parties and that payment was actually made; but such evidence was not conclusive. Recital of consideration in an unsealed instrument may be contradicted by parol evidence. On the evidence here the court found no actual but only a stated consideration. We conclude, therefore, that the promise of the appellees was without consideration and unenforceable.

Affirmed.