Thomas T. KEANE, Sr., Appellant,

v.

Charles A. GARTRELL, trading as Charles A. Gartrell Company, Appellee.

No. 18066.

United States Court of Appeals District of Columbia Circuit.

Argued April 6, 1964.

Decided April 30, 1964.

Mr. Austin P. Frum, with whom Messrs. Thomas S. Jackson, Robert M.

Gray and John L. Laskey, Washington, D. C., were on the brief, for appellant.

Mr. Kent D. Thorup, Washington, D. C., for appellee.

Before EDGERTON, Senior Circuit Judge, and WRIGHT and MCGOWAN, Circuit Judges.

EDGERTON, Senior Circuit Judge:

Appellant Keane was president of Southern Hotel Supply Company, a corporation now bankrupt. Appellee Gartrell had often supplied Southern with meat on open account. In August 1957, Southern owed Gartrell over $15,000. In response to a demand for payment, Keane wrote Gartrell the following letter on a "Southern Hotel Supply Co." letterhead:

"Dear Charlie:

* * * Enclosed please find two checks, one for $832.89 reducing the account to $15,000.00 even, also another check for the $3,099.-57 which pays the week of 7/30 to 8/2, and $500.00 on account. This reduces the account to $11,900.43 on which you agreed to take $500.-00 each week until paid.

Charlie, you can feel sure we will live up to this arrangement, even if I have to pay you personally.

Regarding further business with us, and I do hope you will continue to sell us, I will agree to any terms you state, however I would hate to have you put us C.O.D. for my father's sake.

Please let me assure you or yours will never lose a penny.
        Southern Hotel Supply Co.
        Sincerely
        /s/ Tom Keane
        Thomas T. Keane, Sr."

Gartrell did not reply but continued to supply Southern on open account. Southern made some payments but was in arrears when it was adjudged bankrupt in August 1958. Gartrell received a dividend in bankruptcy.

Soon after Southern filed its petition, Keane filed a personal petition in bankruptcy. He did not list Gartrell as a creditor. Keane received his discharge in bankruptcy in October 1958. Gartrell brought the present suit against him on the theory that the quoted letter was a personal guarantee by Keane of Southern's debt. The District Court directed a verdict for Gartrell for the amount Southern owed when Keane wrote the letter, less later payments and the dividend in bankruptcy.

The words "you can feel sure we will live up to this arrangement, even if I have to pay you personally" were in our opinion only a gratuitous promise, made without any sort of condition, that Keane would pay Southern's debt if Southern did not, and were not an offer to guarantee the debt if Gartrell would furnish consideration. Neither the quoted promise nor any other part of the letter mentions consideration. The next sentence in the letter discusses nothing but "further business". The letter "lacks any expression which can be construed as an offer to enter into a contract. In a sense it is an assurance. But every expression in the nature of an assurance is not a guaranty. * * * It is not capable of construction which would support the conplaint * * *." Stone v. Commonwealth Finance Corp., 127 Misc. 368, 216 N.Y.S. 639, 641, 642 (1924), aff'd, 243 N.Y. 528, 154 N.E. 592 (1926). Even if the letter could be interpreted as conveying, by implication, some sort of offer, the interpretation would be too uncertain and the offer too indefinite for any attempted acceptance by Gartrell to turn it into a contract. A contract to answer for the debt or default of another is within the Statute of Frauds. It cannot rest on dubious implication but must be clearly expressed. Since there was no clear and definite offer we do not reach any question of acceptance, cf. Davis Sewing Machine Co. v. Richards, 115 U.S. 524, 6 S.Ct. 173, 29 L.Ed. 480 (1885), or the question whether Keane's signature on the letter was per-

**558**

sonal as well as corporate within the meaning of the Statute of Frauds, or the question whether Keane's discharge in bankruptcy barred Gartrell's claim.

Reversed and remanded with direction to enter judgment for the defendant.