**Michael P. VACCARO and Mary Ann Vaccaro, Appellants,**

**v.**

**Arvid R. ANDRESEN, Appellee.**

**No. 3373.**

District of Columbia Court of Appeals.

Argued Feb. 10, 1964.

Decided June 4, 1964.

Claire O. Ducker, Sr., Washington, D. C., with whom Franklin L. Carroll, Falls Church, Va., was on the brief, for appellants.

Bernard D. Lipton, Washington, D. C., with whom S. David Rubenstein, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Michael P. Vaccaro, one of the appellants here, and appellee Andresen were officers and stockholders in a corporation engaged in the florist business. The corporation was in financial difficulties and on March 31, 1961, Vaccaro and his wife executed an "installment discount" note to a bank in the sum of $2,556. The net proceeds of the note amounted to $2,009.54 and Vaccaro paid $2,000 of it to the corporation. According to Vaccaro the note was executed and the money paid to the corporation at the request of Andresen, who orally guaranteed payment of the note. According to Andresen, he merely asked Vaccaro "to put some money in the corporation." After receiving $2,000 the corporation carried the note on its books as a corporate liability and the corporation made some payments on it.

In June 1961 Andresen executed a paper guaranteeing payment of the Vaccaro note, promising to make the future installment payments on it and agreeing to reimburse Vaccaro for payments he had made on the note. In October 1961 the corporation went into bankruptcy and Vaccaro filed a claim against the bankrupt estate for money loaned "to the bankrupt corporation on March 31, 1961." The present action was brought by Vaccaro and his wife against

Andresen on the guaranty agreement of June 1961, alleging that Andresen had paid $568 on the note and seeking recovery of the balance of $1,988. The trial court found that Vaccaro made a loan to the corporation on March 31 and that the guaranty agreement of June 7 lacked consideration, and the court denied recovery.

An enforceable contract of guaranty or suretyship requires, as do all contracts, a valid consideration; and where the guaranty is given subsequent to the original contract, the guaranty must be supported by a new consideration, separate and independent from the original contract.[1] Here there was no evidence of any new consideration to Andresen for execution of the agreement of 1961.

It is true that the agreement recites a consideration of "One Dollar ($1.00) and other good and valuable consideration," but appellants did not even press the argument that this recitation established a sufficient consideration.[2] They do argue, however, that the agreement was under seal and that a sealed instrument imports a consideration. Although the current tendency is to minimize the distinction between sealed and unsealed instruments, this jurisdiction continues to recognize the distinction.[3] However, we do not agree with appellants that the agreement here in question is an instrument under seal. It does conclude with the words: "Witness my hand and seal," but this recital, in the absence of a seal, does not operate to make the instrument one under seal. It is the attachment or adoption of a seal that is the operative fact.[4] Here, no word, symbol or scroll indicative of a seal follows the signature. There is a single dot or period immediately after the signature, but we are not willing to rule that this minute mark constitutes a seal, in the absence of proof that it was deliberately placed there to serve as a seal.

Affirmed.

1. Bader v. Williams, D.C.Mun.App., 61 A. 2d 637 (1948); McMillan v. Zozier, 257 Ala. 435, 59 So.2d 563 (1952); Pierce v. Wright, 117 Cal.App.2d 718, 256 P.2d 1049 (1953); Bearden v. Ebcap Supply Co., 108 Ga.App. 375, 133 S.E.2d 62 (1963). See also, Keane v. Gartrell, D.C. Cir., 334 F.2d 556 (decided April 30, 1964).

2. Cf. Allen v. Allen, D.C.Mun.App., 133 A. 2d 116 (1957).

3. Wells v. Alropa Corp., 65 App.D.C. 281, 82 F.2d 887 (1936); McNulty v. Medical Service of District of Columbia, Inc., D.C.Mun.App., 176 A.2d 783 (1962). Note, however, that the Uniform Commercial Code, enacted for the District of Columbia on December 30, 1963, to become effective January 1, 1955 Public Law 88–243, in § 28:2–203 provides:

   "The affixing of a seal to a writing evidencing a contract for sale or an offer to buy or sell goods does not constitute the writing a sealed instrument and the law with respect to sealed instruments does not apply to such a contract or offer."

4. 1A Corbin, Contracts § 242 (1963).