### 12395. SMITH et al. v. ADAIR & McCARTY BROTHERS.

JENKINS, P. J. The petition as amended prayed for an accounting and judgment for balances alleged to be due by defendants to plaintiffs as money had and received from the collection of certain fertilizer notes, under two written contracts, one dated February 10, 1912, and

the other April 27, 1914. Defendants demurred, and by their answer and amended plea denied the indebtedness claimed, and set up certain items as credits by way of recoupment. The jury found for plaintiffs the balances claimed by them, and for defendants two items of credit, neither of which was specifically claimed in their pleadings. The court, on motion by plaintiffs to arrest judgment, eliminated the larger item found by the jury, but permitted the recovery on the smaller item to stand. Defendants carried the case to the Supreme Court on exceptions to the overruling of their general and special demurrer and to the amendment of the verdict, and to the refusal of a new trial, and that court transferred the case to this court. *Held:*

1. The Supreme Court, in transferring the case to this court, under authority of *Burress* v. *Montgomery*, 148 *Ga.* 548 (97 S. E. 538), has adjudicated that the proceeding for an accounting is not an equity cause, and that the relief prayed for under the allegations of the petition constituted an action at law.

2. It was error for the court, on the motion in arrest of judgment, to eliminate from the judgment the item contained in the verdict in favor of defendants, on the ground that it was neither set up nor allowable under their pleadings; since, in such a proceeding for an accounting, where the answer denied indebtedness and claimed certain credits, the plea could, if necessary, have been amended by adding the claim for the credit found by the jury; and consequently any such failure to amend was cured by the verdict. The case is, however, controlled by the broader ruling made in the next division of the syllabus.

3. The first of the two contracts set forth in the petition was signed by only one of the defendants, and liability thereon by the other defendant is claimed only by virtue of a separate and independent contract of guaranty, embodied in a letter to plaintiffs signed by such other defendant whereby he guaranteed payment as to a specified quantity of the fertilizer. The other contract was joint, and was signed by both defendants. The defendants were sued jointly and in one count on each of these two contracts; that is, upon the individual contract of one dedant as thus guaranteed by the other, and upon the other or joint contract of both defendants. This could not be done, since such a "guarantor is properly sued alone, and the primary debtor is not subject to suit jointly with him." *Holmes* v. *Schwab*, 141 *Ga.* 44 (3) (80 S. E. 313); *Sims* v. *Clark*, 91 *Ga.* 302 (1), 304 (18 S. E. 158); *Georgia Casualty Co.* v. *Dixie Trust Co.*, 23 *Ga. App.* 447 (2) (98 S. E. 414). The petition was, therefore, subject to this ground of demurrer; and the proceedings subsequent to the ruling thereon being nugatory, the remaining questions arising in the trial are not such as are likely to arise upon a subsequent trial under issues raised by different pleadings, and it is unnecessary to rule thereon. *South Ga. Ry. Co.* v. *Ryals*, 123 *Ga.* 330, 332 (51 S. E. 428); 1 Ruling Case Law, 364; 14 Enc. Proc. 652.

*Judgment reversed. Stephens and Hill, JJ., concur.*

DECIDED NOVEMBER 29, 1921.

Complaint; from Butts superior court — Judge Howard presiding. July 10, 1920.

*John R. L. Smith, Grady C. Harris, O. M. Duke,* for plaintiffs in error.

*Smith, Hammond & Smith, W. E. Watkins,* contra.