## 13054. HAGEDORN *v.* ZEMURRAY.

JENKINS, P. J. 1. Even though a demurrer may have been erroneously overruled, if "subsequently during the trial the petition was amended so as to cover the defect at which the demurrer pointed, such erroneous ruling was thereby rendered harmless." *Harris* v. *Lumpkin,* 136 *Ga.* 47 (2) (70 S. E. 869); *Pacific Selling Co.* v. *Albright-Prior Co.,* 3 *Ga. App.* 143 (2) (59 S. E. 468). Assuming but not holding that the defendant, under the writing sued upon, was a guarantor rather than surety, and not subject to suit jointly with the principal (*Holmes* v. *Schwab,* 141 *Ga.* 44 (3), 80 S. E. 313; *Sims* v. *Clark,* 91 *Ga.* 302, 18 S. E. 158; *Smith* v. *Adair,* 27 *Ga. App.* 717 (3), 110 S. E. 317; *Musgrove* v. *Luther Pub. Co.,* 5 *Ga. App.* 279, 63 S. E. 52), and that the petition was demurrable upon this ground, the amended suit was maintainable upon that theory. If the contract was one of suretyship, the suit likewise was maintainable against the surety alone without joining the alleged principal. *Stanfield* v. *McCommon,* 25 *Ga. App.* 226 (1 *a*), 228 (102 S. E. 908); *Johnson* v. *Ga. Fertilizer Co.,* 21 *Ga. App.* 530 (2, 3) (94 S. E. 850); *McMillan v. Heard Natl. Bk.,* 19 *Ga. App.* 148 (2), 151 (91 S. E. 235); *Small Co.* v. *Claxton,* 1 *Ga. App.* 83 (57 S. E. 977). Since, therefore, it is immaterial, under the facts of this case, whether the defendant be treated as a guarantor or as a surety (*Stanfield* v. *McCommon,* supra), it is unnecessary so to determine.

2. The writing in question expresses an absolute, present, and unconditional guaranty, certain as to amount, and general as to persons except as it is limited to a particular class, to wit, the plaintiff or

any other such dealer in bananas as the addressee could induce to form a shipping connection with and extend credit to the principal on the faith of the defendant's promise to pay. 12 Ruling Case Law, 1061 (§ 10). The instrument, when construed alone or in connection with the circumstances surrounding its execution, does not purport to authorize and limit its authority to a single shipment of bananas aggregating five thousand dollars in amount, but on its face was intended to enable the principal " to form a connection for buying bananas in carloads," and necessarily contemplated a course of dealing such as to make it a continuing guaranty. " Where an absolute promise is made to become responsible for a certain amount, with no limitation as to time, and there is nothing in the circumstances surrounding the execution of the contract to evince a contrary intention, it will be presumed that the promise was to continue until revoked, and the promisor will be held liable to the extent of his guaranty, notwithstanding the principal may have, during the existence of the contract, contracted debts to an amount equal to or greater than the sum named in the guaranty, and paid the same." *Manry* v. *Waxelbaum,* 108 *Ga.* 14, 21 (33 S. E. 701); 12 R. C. L. 1061 (§ 11). In the instant case the debts which had been previously contracted and paid did not equal but amounted to less than one-half of the amount guaranteed.

3. Since in such a suit the solvency or insolvency of the principal debtor was immaterial, it was unnecessary for the petition to allege that he was insolvent or unable to pay the account. *Penn Tobacco Co.* v. *Leman,* 109 *Ga.* 428 (2) (34 S. E. 679); 12 R. C. L. 1091. Nor, for the reason stated in the first paragraph above, was it necessary to show that the principal resided outside of the State, beyond the jurisdiction of the court.

4. The evidence authorized the verdict.

> *Judgment affirmed. Stephens, J., concurs.*
> DECIDED JULY 24, 1922.

Complaint; from city court of LaGrange — Judge Duke Davis. October 31, 1921.

Zemurray sued Hagedorn upon an account for bananas sold to Pappas under the following letter written by Hagedorn and addressed to one Wineberger, a friend and business associate of Zemurray, which was delivered in person by Wineberger and Pappas to Zemurray's business manager, and upon the faith of which it was alleged and testified the credit was given: " This will introduce to you Mr. Geo. Pappas, of LaGrange, who is going into the wholesale produce business. He wants to form a connection for buying bananas in carloads. Knowing that you were once in Central America and connected with Mr. Zemurray, thought possibly you could be of some assistance to him in getting such connections. Mr. Pappas is absolutely reliable and good for

his contracts. In fact I will personally guarantee any amount that Mr. Pappas will make up to the amount of five thousand dollars." This letter was dated October 12, and the shipment of the car of bananas, for which suit for $610.75 was brought, was made on the following December 31. The evidence shows that one car had been shipped to Pappas in October, one in November, and one earlier in December, aggregating $2,345 in amount, which was paid. In the original petition Pappas and Hagedorn were sued jointly, and it was alleged that Hagedorn, having received no consideration for his agreement, was liable as surety. Hagedorn demurred generally, and at the trial moved to dismiss the petition, upon the grounds: that no cause of action was shown; that if liable at all he was liable as a guarantor and not as a surety, and could not be sued in the same action with the principal; that insolvency of the principal was not alleged; that the letter to Wineberger did not render Hagedorn liable; and that if it showed any guarantyship or suretyship, it was not a continuing guaranty, but was only for an immediate shipment. At the trial the plaintiff amended the petition by striking Pappas as a party and dismissing the suit as to him, and alleging that Hagedorn was liable for the account either as a surety or as a guarantor. There was no demurrer on the ground that the petition as thus amended was duplicitous. The defendant insisted upon exceptions taken pendente lite to the overruling of his demurrer and motion to dismiss.

*Moon & Parham,* for plaintiff in error.
*Lovejoy & Mayer,* contra.