## 13703.  FOWLER v. KING.

JENKINS, P. J.  1. While "upon the hearing of a certiorari a judge of a superior court can decide such questions only as are raised by proper assignments of error in the petition and verified by the answer, or as are made by motion in reference to the certiorari proceeding itself" (*Casey* v. *Crane*, 122 *Ga.* 318, 50 S. E. 92), this rule rests upon the statutory provision which in terms is applicable only to a " ground of error . . not distinctly set forth in the petition " (Civil Code of 1910, § 5199) ; and therefore, being applicable only to the petitioner in certiorari, does not preclude the judge from overruling the certiorari and affirming the judgment of the trial court upon some legal ground apparent in the record, " without reference to the reason which he gave for that judgment." In the instant certiorari from a judgment of a justice of the peace dismissing an affidavit of illegality, for the reason, assigned in the order, that it had been filed with the justice instead of with the levying officer, the judge of the superior court was not precluded, in passing upon the correctness of the order of dismissal, from considering whether or not the affidavit of illegality upon its face was wholly without merit, and for that reason had been properly dismissed. *Berry* v. *Robinson*, 122 *Ga.* 575 (50 S. E. 378).

2. In so far as the affidavit of illegality sought to go behind the judgment on which the execution issued and attack it as a nullity, on the ground that the contract upon which the affiant was sued was not in writing, it is obviously without merit. In so far as it asserts the further defense that the execution did not follow the judgment, since it was issued against the affiant alone, while the suit and the judgment were against another as principal and the affiant only as security, and that the execution is therefore void, because the defendant was thereby deprived of his right to control the execution against his principal, the affidavit of illegality likewise is without merit. Assuming that the better practice would have been — if this ground were sustained by the record in the proceeding — to have issued a single fi. fa. against both the principal and the surety, describing them respectively as such, the fact that a separate fi. fa. was issued against the defendant here without describing him as a surety would not deprive him of the rights accorded him by the State statutes against his principal, or render the execution void. The affidavit does not show whether a separate fi. fa. was also issued against the principal, or how the affiant has been in any manner prevented from asserting his statutory rights against such principal, even though the execution here in question was issued solely against the affiant. Civil Code (1910), §§ 3559, 3556, 3557, 3558; *Hagedorn* v. *Zemurray*, 28 *Ga. App.* 807 (113 S. E. 244). The superior-court judge, therefore, did not err in overruling the certiorari on the ground that the defences set up on the face of the affidavit of illegality were without merit, even though the order of the trial justice dismissing the affidavit of illegality because it was filed with him instead of with the levying constable might not, under the record, be sustained upon that ground.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 9, 1923.

Certiorari; from Cherokee superior court — Judge Blair. May 8, 1922.

*A. J. Henderson, V. H. Gaddis,* for plaintiff in error. *E. W. Coleman,* contra.