18191, 18214.   RAWLEIGH COMPANY v. ETHERIDGE.

1. In a suit on a contract of guaranty not under seal, by the terms of which the defendant "guaranteed" the full and complete payment to the plaintiff of any and all indebtedness incurred by the principal debtor under a contract between the principal debtor and the plaintiff, and "agreed" that the written acknowledgment of the account by the principal debtor or any judgment against him should be conclusive against the guarantor, where it appeared from the petition that the suit was begun more than six years after the principal's default, the cause of action was apparently barred by the statute of limitations. The procuring of judgment against the principal was not a condition precedent to suit against the guarantor.

2. If a cause of action is apparently barred by the statute of limitations, but if, because of certain facts, the plaintiff's case may fall within an exception to the statute, it is incumbent on him to allege them in his petition, in order to avoid the operation of the statute should it be invoked by demurrer.

(a) Assuming that in this case it was necessary for the plaintiff to establish the insolvency of the principal debtor in order to fix liability upon the guarantor, and that he was entitled to a suspension of the statute for such reasonable time as may have been necessary to ascertain the truth as to the solvency of the principal, the onus was upon him to plead the facts if by them he would show that the suit was not barred.

3. "In passing upon the merits of a petition on the hearing of a demurrer, it is erroneous for the court to take into consideration facts that are not shown by the petition." *Pollard* v. *Blalock*, 147 *Ga.* 406 (2) (94 S. E. 226).

(a) But even assuming that this rule is inapplicable in the present case and that the facts set forth in the defendant's plea in abatement could have been considered in passing upon the question of whether the petition should have been dismissed in response to a demurrer invoking the statute of limitations, the plea fails to show any facts to justify the application of an exception to the statute.

4. Even from the entire record it appears that the cause of action sued on was barred by the statute of limitations, which was duly invoked by demurrer, and the court properly sustained the demurrer and dismissed the petition.

DECIDED DECEMBER 17, 1927.

Action on guaranty; from Barrow superior court—Judge Stark. April 20, 1927.

*N. L. Hutchins,* for plaintiff.   *J. D. Quillian,* for defendant.

BELL, J.   The contract involved in this case has been the subject of previous litigation between the parties and is fully set

Guaranty, 28 C. J. p. 972, n. 44.

Limitations of Actions, 37 C. J. p. 837, n. 5; p. 1201, n. 18, 19; p. 1205, n. 65; p. 1206, n. 66; p. 1211, n. 8.

Pleading, 31 Cyc. p. 322, n. 24.

forth in the statement accompanying the decision in *Etheridge* v. *Rawleigh Co.*, 29 *Ga. App.* 698 (116 S. E. 903). In that case the Rawleigh Company sued Hudgins and Etheridge together as principal and surety, and this court held 'that the undertaking of Etheridge was one of guaranty and that the demurrer by Etheridge upon the ground of misjoinder should have been sustained and the petition as to him dismissed. The plaintiff then brought a separate suit against Hudgins, the principal, in which the plaintiff obtained judgment on July 22, 1924. Hudgins having failed to pay this judgment, the plaintiff filed the present suit against Etheridge as guarantor on September 27, 1924. The contract between the plaintiff and Hudgins, the principal, expired by its own terms on December 31, 1914, on which date the entire balance of indebtedness matured. The agreement of the guarantor was to "guarantee" the full and complete payment to the company of any and all indebtedness incurred by Hudgins under the terms of the contract between him and the plaintiff, and stipulated that the written acknowledgment of the account by Hudgins or any judgment against him should in every respect be binding and conclusive against the guarantor. The petition in the instant suit against Etheridge set forth the agreements between the parties; the furnishing of the goods on the faith of the guaranty; the amount of the indebtedness of Hudgins, the principal; his written acknowledgment of the account under date of August 5, 1914; the fact of the suit and judgment against him; his insolvency and inability to pay the judgment, and the failure and refusal of the defendant, his guarantor, to pay the same. Wherefore the plaintiff prayed to recover of the guarantor the amount of the indebtedness. The defendant filed a plea in abatement, upon the ground that at the time of the filing of the present suit "the plaintiff was prosecuting, and is still prosecuting an action in said court, the superior court of Barrow county, Georgia, for the same claim and cause of action, and between the same parties," and that "the allegations of said former suit substantially set forth a good cause of action against this defendant, which will authorize a recovery against him if the plaintiff therein shall make out its case." The defendant filed also a demurrer specifically invoking the statute of limitations. This demurrer was sustained and the petition dismissed, and the plaintiff excepted.

"Against one who, before goods were sold and delivered, guaranteed in writing payment therefor, on the faith of which guaranty the sale was made, a recovery may be had upon a petition setting forth the account, a copy of the contract of guaranty, a refusal to pay the account by the principal debtor, notice by the creditor to the maker of the guaranty, before the goods were sold and delivered, that the same was accepted, and alleging that on the faith of said guaranty the goods represented by the account sued on were sold and delivered as requested in said guaranty." *Small Co.* v. *Claxton,* 1 *Ga. App.* 83 (57 S. E. 977).

The cause of action against the guarantor apparently accrued at the expiration of the contract between his principal and the company on December 31, 1914. It was not necessary that the plaintiff procure a judgment against the principal debtor in order to mature the cause of action against the guarantor. The stipulation in the contract of guaranty, that the written acknowledgment of the principal or any judgment against him should be binding and conclusive against the guarantor, had reference only to the method of establishing the correctness of the account, and was not a statement of a condition or conditions precedent to a suit against the guarantor. Counsel for the plaintiff contends that it was necessary to show the insolvency of the principal in order to establish the liability of the guarantor, and that the plaintiff was entitled to a suspension of the statute of limitations for a reasonable time for the purpose of ascertaining whether the principal was insolvent or not. See *Mobile &c. R. Co.* v. *Jones,* 57 *Ga.* 199 (2); *Hines* v. *Johnston,* 95 *Ga.* 629, 642 (23 S. E. 470). Whether in a suit on a contract of guaranty of the terms of the one now in controversy it is necessary for the plaintiff to allege and prove the insolvency of the principal in order to recover of the guarantor is a question which it is not necessary to decide in this case. But on the negative of this question see: *Fouché* v. *Cherokee National Bank,* 18 *Ga. App.* 569 (3) (90 S. E. 102); *Adams* v. *Georgian Co.,* 19 *Ga. App.* 654 (91 S. E. 1005); *Hagedorn* v. *Zemurray,* 28 *Ga. App.* 807 (3) (113 S. E. 244); *Rawleigh Co.* v. *Watson,* 33 *Ga. App.* 344 (2, a) (126 S. E. 301); *Sims* v. *Clark,* 91 *Ga.* 302 (2) (18 S. E. 158); *Penn Tobacco Co.* v. *Leman,* 109 *Ga.* 428 (2) (34 S. E. 679); apparently contra: *Manry* v. *Waxelbaum,* 108 *Ga.* 14 (33 S. E. 701); *Musgrove* v.

*Publishing Co.,* 5 *Ga. App.* 279 (63 S. E. 52) ; *Fields* v. *Shores-Mueller Co.,* 25 *Ga. App.* 395 (103 S. E. 473). Assuming that the question to which we have just adverted should be answered in the affirmative and that the statute of limitations did not begin to run until the expiration of such reasonable time as was necessary for the plaintiff to ascertain the truth as to the solvency of the principal debtor, the plaintiff would be entitled to this period only under an exception to the statute, and it is the rule that if the plaintiff desires to show that he is within such an exception, it is incumbent on him to set forth in his petition the facts rendering the exception operative. *Bryant* v. *A. C. L. R. Co.,* 119 *Ga.* 607 (4, 5) (46 S. E. 829) ; *Pendley* v. *Powers,* 129 *Ga.* 69 (1, 2) (58 S. E. 653) ; *Thornton* v. *Jackson,* 129 *Ga.* 700 (3) (59 S. E. 905) ; *Crawford* v. *Crawford,* 134 *Ga.* 114 (3) (67 S. E. 673, 28 L. R. A. (N. S.) 353, 19 Ann. Cas. 932) ; *Bailey* v. *Freeman,* 140 *Ga.* 71 (78 S. E. 423) ; *James* v. *Hill,* 140 *Ga.* 739 (79 S. E. 782) ; *Phipps* v. *Wright,* 28 *Ga. App.* 164 (5) (110 S. E. 511).

Counsel for the plaintiff further contends that the defendant's plea in abatement, based upon the pendency of another suit, shows that the cause of action could not be barred. It is insisted that the suit referred to in the plea could be none other than the original case in which the plaintiff brought the joint suit against the principal and the guarantor, as reviewed in *Etheridge* v. *Rawleigh Co.,* 29 *Ga. App.* 698 (supra), and that if it be true that the original case is still pending, the statute of limitations has been suspended thereby. We can not concur in this contention. "In passing upon the merits of a petition on the hearing of a demurrer, it is erroneous for the court to take into consideration facts that are not shown by the petition." *Pollard* v. *Blalock,* 147 *Ga.* 406 (2) (94 S. E. 226) ; *Hoffman* v. *Franklin Car Co.,* 32 *Ga. App.* 229 (2), 237 (122 S. E. 896). But even assuming that this rule should not be applied under the facts of this case, we could not, without additional or more specific facts, identify the suit referred to in the plea as any particular suit between the parties. For aught that appears the reference is to some other suit on the same cause of action which the plaintiff may have brought after this court in *Etheridge* v. *Rawleigh Co.,* supra, reversed the judgment of the lower court overruling the defendant's demurrer to the petition. There is nothing to show when the other suit thus

indefinitely referred to was itself filed, or whether it was not also barred by the statute. If the statute of limitations was suspended by the pendency of a prior suit, this would constitute an exception to the operation of the statute, and the rule is again applicable that the plaintiff has the burden of pleading the facts by which he seeks to avoid the statute, by bringing his case within an exception, where, as here, facts sufficient to raise the exception do not otherwise appear.

The contract sued on was not under seal, and the cause of action based thereon was barred after the lapse of six years from the date when it accrued, or when the plaintiff might legally have brought suit thereon. In any view, that date was more than six years prior to the filing of the present suit on September 27, 1924. The court properly sustained the ground of the demurrer invoking the statute of limitations.

The exceptions in the cross-bill brought by the defendant are to the judgment overruling certain other grounds of the defendant's demurrer. Since our judgment on the main bill finally disposes of the case, it is unnecessary to pass upon the assignments in the cross-bill.

*Judgment on the main bill of exceptions affirmed; cross-bill dismissed. Jenkins, P. J., and Stephens, J., concur.*