## 37274. GENERAL FINANCE CORPORATION OF ATLANTA, NORTHEAST v. WELBORN.

DECIDED SEPTEMBER 22, 1958— REHEARING DENIED OCTOBER 6, 1958.

*Smith, Swift, Currie & McGhee, Charles L. Weltner,* for plaintiff in error.

*Carpenter, Karp & Mathews, A. Tate Conyers,* contra.

CARLISLE, Judge. General Finance Corporation of Atlanta, Northeast, sued Mrs. Fanny Mae Welborn, a married woman, on an alleged contract of guaranty, the material provisions of which are as follows:

"This agreement of guaranty is given to induce General Finance Corporation of Atlanta, N. E., (hereinafter referred to as 'Corporation') from time to time to extend credit to and to otherwise do business with Spray-Welborn Motors, Inc. (hereinafter referred to as 'Debtor') and in connection therewith the undersigned, jointly and severally, request that you extend credit or financial assistance or both to Debtor, or discount or purchase from said Debtor notes, drafts or other evidence of indebtedness owned or guaranteed (or both) by said Debtor. In consideration of the foregoing, the undersigned hereby, jointly and severally, guarantee to Corporation and to its successors and assigns, that the said Debtor will promptly and faithfully pay at maturity or when due (whether such maturity or due date occurs by acceleration or otherwise), and fully discharge and perform each

and every contract obligation and undertaking of said Debtor to Corporation, regardless of the nature or kind, whether direct or indirect, absolute or contingent, howsoever created, arising or evidenced or acquired by corporation, and whether now, heretofore or hereafter accrued or contracted; and agree, without Corporation having to proceed against the said Debtor or against any goods, things, or choses in action given to or held by Corporation as security for any obligation or undertaking of said Debtor, to pay upon demand (either oral or written) any and all sums due to Corporation from the said Debtor, and all loss, damages, costs, attorney's fees, or expenses which may be suffered by Corporation by reason of the default of the said Debtor upon any such obligation or undertaking. The undersigned agree to be bound by and, upon demand, to pay any deficiency resulting from any sale of the goods, things or choses in action (if Corporation elects to proceed against the same) held by Corporation as such security. . .

"The undersigned waive notice of acceptance of this guaranty, and notice of any default, non-payment, partial payment, presentment, demand, protest, and of any sale, pledge, surrender, compromise, release, renewal, extension, indulgence, alteration, exchange, or modification of any obligation or undertaking of the Debtor or of any collateral given or pledged to secure the obligations or undertakings of the Debtor or of the undersigned, under this guaranty, or any notice to which the undersigned might be otherwise entitled, or which might be required, otherwise, by law as to any note, draft, draft acceptance or other obligation signed, accepted, guaranteed or endorsed by the said Debtor. Without impairing the liability of the undersigned, Corporation may amend, modify, alter, exchange, renew or extend any note, or other obligation or undertaking of said Debtor, and of any collateral given or pledged to secure the same or accept partial payment thereon, or settle, release, compound, surrender, or compromise any of the same, or collect upon, or otherwise liquidate any claims held by Corporation and apply all moneys received by Corporation toward the payment of any obligations of the Debtor to Corporation in such manner as Corporation may deem advisable. This guaranty and every part thereof shall be bind-

ing upon the heirs, personal representatives, successors and assigns of each of the undersigned." This instrument was signed by the defendant.

In the petition it was alleged that, in reliance on the contract, the plaintiff did from time to time extend credit to the principal debtor and took as security therefor liens on certain automobiles; that on February 3, 1958, all of the property subject to the said liens was sold at public outcry resulting in net proceeds therefrom of $60,771.75, and leaving a balance due petitioner by said principal debtor of $20,788.45, the amount sued for; and, that demand had been made upon the defendant and upon the principal for the payment of the deficiency, "but both principal and defendant have failed and refused to pay the same." The trial court sustained a general demurrer and dismissed the action holding that the contract sued on is one of suretyship, and it being conceded that the defendant is a married woman, such action may not be maintained.

Much has been written by the courts of this State defining contracts of suretyship and contracts of guaranty and distinguishing between the two. Many different tests for determining whether particular contracts be contracts of suretyship or guaranty have been held proper for consideration by the court. Invariably, any treatise on the subject as it pertains to the provisions of the Georgia law must begin with a consideration of Code § 103-101. The distinction between the two kinds of contracts set forth there is based on whether or not the consideration for the promise made flows to the principal or to the guarantor. If the consideration of credit or indulgence or other benefit be given to the principal, it is said that the contract is one of suretyship. On the other hand, if the consideration for the promise be a benefit flowing to the guarantor, the contract is one of guaranty. However, as will be pointed out hereinafter, even this test is subject to apparent exceptions.

Another test often applied is whether the surety or the guarantor is primarily or secondarily liable on the obligation. Under this test, if the obligation be entered into concurrently with the obligation of the principal and with an intent that the obligation be joint and several, the contract is one of suretyship. *Etheridge*

v. *Rawleigh Co.*, 29 *Ga. App.* 698, 702 (116 S. E. 903). On the other hand, if the contract evidences an intent that the party thereto shall be liable only secondarily or collaterally, it is one of guaranty. *Manry* v. *Waxelbaum Co.*, 108 *Ga.* 14 (3) (33 S. E. 701). Even this test would seem to have been made the subject of some exceptions, however, as witness *Arkansas Fuel Oil Co.* v. *Young*, 66 *Ga. App.* 33 (16 S. E. 2d 909), where this court, though declining to denominate the contract there involved as being one of suretyship or guaranty, held that as to that instrument, which admittedly bore practically all of the indicia of a contract of guaranty, nevertheless the obligor therein had evidenced an intent by the terms of the instrument to be primarily liable thereon, and it was unnecessary to show that the principal debtor was unable to pay but merely necessary to show that he had not paid. See also *Rawleigh Co.* v. *Watson*, 33 *Ga. App.* 344 (2a) (126 S. E. 301); *Rawleigh Co.* v. *Etheridge*, 37 *Ga. App.* 554 (140 S. E. 913). In this same connection, it has been held that it is unnecessary in an action founded on a contract of guaranty to allege the insolvency or inability of the principal debtor to respond to a judgment against him. *Penn Tobacco Co.* v. *Leman & Co.*, 109 *Ga.* 428, 430 (34 S. E. 679); *Hagedorn* v. *Zemurray*, 28 *Ga. App.* 807 (3) (113 S. E. 244).

Other distinctions often considered by the courts were discussed by Judge Jenkins in *Etheridge* v. *Rawleigh Co.*, 29 *Ga. App.* 698, 702, supra, in the following language: "It is evident that a surety, who simply joins the principal in thus becoming liable upon the principal's obligation, will usually, from the nature of such a transaction, become 'bound with his principal by the same instrument, executed at the same time and on the same consideration' (1 Brandt on Suretyship (3d ed.), § 2, quoted in *Ga. Casualty Co.* v. *Dixie Trust Co.*, [23 *Ga. App.* 447] supra); while a guarantor, who enters upon his own separate and distinct undertaking, will usually, from the nature of such a transaction, become bound before or after the obligation of the principal, and the contract 'is often founded on a separate consideration from that supporting the contract of the principal.' Brandt on Suretyship, supra. Thus it is that since the contract

of guaranty must, like all other contracts, be founded on a consideration, and since the guarantor's promise cannot be presumed to be founded on the consideration supporting the separate promise of the principal debtor, in which the guarantor does not join, it follows that as a general proposition a contract of guaranty must be expected to be founded on some new or independent consideration flowing directly to the guarantor. Civil Code (1910), § 3538. Such, as already indicated, need not always be the case, however; as, for example, where one has guaranteed payment for goods before their delivery, and on the faith of such guaranty a sale and delivery is thereafter made to the principal. *Sims* v. *Clark,* 91 *Ga.* 302 (2) (supra); *Holmes* v. *Schwab,* 141 *Ga.* 44 (supra); *Small Co.* v. *Claxton,* 1 *Ga. App.* 83 (57 S. E. 977); *Sheffield* v. *Whitfield,* 6 *Ga. App.* 762 (65 S. E. 807); 28 C. J. 915, § 46 et seq. In cases such as these the agreement has been construed and upheld as a contract of guaranty, although no benefit flowing to the guarant[or] is apparent, unless it be under the general presumption that some benefit inures to him on account of credit extended to his principal. 1 Brandt on Suretyship (3d ed.), § 25."

Many other authorities which have been reviewed by the writer could be quoted and cited in this opinion. However, we think that the foregoing is sufficient to illustrate what we consider to be the somewhat confused state of the law on this subject. *Fields* v. *Willis,* 123 Ga. 272, 275 (51 S. E. 280). In the present day, it would seem that the one remaining reliable distinction between these two kinds of undertakings is whether or not· the undertaking be a joint undertaking with the principal or a separate and distinct contract. If it is the former, it is one of suretyship, and if the latter, it is one of guaranty. Each type of undertaking will in the absence of other overriding considerations be enforced by the courts according to its terms and if the undertaking be a separate and distinct contract entered into to induce the creditor to extend credit or to extend further credit or indulgence to the principal debtor and if it be a separate undertaking from the primary undertaking of the principal debtor to pay the debt, it will be enforced as a contract of guaranty even though in essence and substance it evidences an

intent between the obligor therein to be liable thereon without respect to the necessity of proving the insolvency or the inability of the principal obligor to pay. *Penn Tobacco Co.* v. *Leman & Co.*, 109 *Ga.* 428, supra, and *Hagedorn* v. *Zemurray*, 28 *Ga. App.* 807, supra.

Applying the foregoing principle to the instrument involved in this case, we conclude that it is a contract of guaranty and not of suretyship, and that the fact that the obligor therein is a married woman is immaterial, since she is liable thereon notwithstanding that fact. *Wilson Bros.* v. *Heard*, 46 *Ga. App.* 497 (167 S. E. 913); *Durham* v. *Greenwold*, 188 *Ga.* 165 (3 S. E. 2d 585). Neither is it necessary that the plaintiff allege the insolvency or the inability of the principal obligor to pay the indebtedness since the obligor agreed to be liable to pay the indebtedness on demand "without corporation (plaintiff) having to proceed against the said debtor." It follows that the trial court erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*