Phillip McCALLUM, as Administrator of
Small Business Administration and United States of America, Appellants,

v.

Mrs. Burma S. GRIFFIN, Appellee.

No. 18492.

United States Court of Appeals
Fifth Circuit.

April 18, 1961.

Rehearing Denied May 31, 1961.

Sherman L. Cohn, Morton Hollander,
Dept. of Justice, Washington, D. C.,

Slaton Clemmons, Asst. U. S. Atty.,
George Cochran Doub, Asst. Atty. Gen.,
Charles D. Read, Jr., U. S. Atty., Atlanta,
Ga., for appellants.

D. Wright Mitchell, Douglas W. Mitchell, Jr., Robert L. Vining, Jr., Dalton, Ga.,
for appellee.

Before TUTTLE, Chief Judge, and
JONES and WISDOM, Circuit Judges.

TUTTLE, Chief Judge.

In 1957, the Luxury Carpet Mills, Inc., in which appellee owns some 40 percent of the stock, obtained a loan from the Small Business Administration under the provisions of 15 U.S.C.A. § 631 et seq. As a condition of the loan, the Administration required, inter alia, that the three stockholders, Mrs. Griffin, her husband, and another relative, execute "guaranties" on SBA Form 148 and that Mrs. Griffin's "be secured by first mortgage of land, including improvements of the properties" owned solely by her. Accordingly, the three stockholders executed the forms, separate documents from the principal contract of the corporation, and Mrs. Griffin additionally executed a security deed upon her separate real property, as a result of which the corporation received the requested loan of $25,000.

Thereafter the corporation failed to pay its indebtedness, and the SBA, in accordance with its power under the agreement, accelerated the maturity of the debt, declaring it to be in default, and advertised for sale the collateral of the corporate debtor and that of the appellee. Appellee then instituted a proceeding in a state court to prohibit the sale of the property described in the security deed and to have the security deed and the Form 148 "guaranty" cancelled. On petition of the appellants, the cause was removed to the District Court for the Northern District of Georgia.

The District Court held both documents executed by appellee to be contracts of suretyship, and, as such, null and void under the law of Georgia, 53 Ga.

Code Ann. § 503.[1] From that judgment, the appellants bring this appeal, alleging: (1) that state law should not be applied to this type of government contract for it was clearly the intent of Congress in the enactment of the statute that "questions of federal rights and liabilities must be uniformly determined by reference to Federal law", and (2) that even if state law is properly applicable, then the contracts here involved nevertheless do not fall within the prohibitions of § 503, supra.

The argument made out by the appellant on the first point is persuasive, but, taking the view which we do of this case, we find it unnecessary to rule upon it without a clearer manifestation of Congressional intent as to the applicability *vel non* of state law to this class of contracts.[2] Rather, we choose to rest our decision upon Georgia law, and we find that the trial judge erroneously applied that law. Accordingly, it will be necessary to enter a judgment of reversal.

While the courts of Georgia have given effect to the provisions of § 503, set out above, they have done so in strict contemplation of another provision of the Georgia Code which carefully distinguishes between contracts of surety and of guaranty;[3] thus they have held that, while § 503 does invalidate contracts of surety made by a married woman, it does not apply to contracts of guaranty. Wilson Brothers v. Heard, 46 Ga.App. 497, 167 S.E. 913; but see, e. g., the statement in Shores-Mueller Co. v. Bell, 21 Ga.App. 194, at page 197, 94 S.E. 83 at page 84:

"It is presumed that the common law is of force and must govern, and under it the defense actually set up by Mrs. Bell, that her contract of guaranty did not bind her, was good." See also Durham v. Greenwold, 188 Ga. 165, 3 S.E.2d 585.

Though § 101 established some formula for determining whether a given contract was one of surety or of guaranty, "even this test is subject to apparent exceptions." General Finance Corporation of Atlanta, Northeast v. Welborn, 98 Ga.App. 280, at page 282, 105 S.E.2d 386, at page 388. Over half a century ago, the Supreme Court of Georgia was moved to comment that "The theoretical distinction between the two forms of contract is clear, but in the application of the principle the decisions of courts of last resort are in a state of inextricable confusion." Fields v. Willis, 123 Ga. 272, at page 275, 51 S.E. 280, at page 281. Cases decided before this utterance, see e. g., Manry v. Waxelbaum Co., 108 Ga. 14, 33 S.E. 701, and after, see, e. g., Etheridge W. T. Rawleigh Co., 29 Ga.App. 698, 116 S.E. 903, Arkansas Fuel Oil Co. v. Young, 66 Ga.App. 33, 16 S.E.2d 909, and others cited in General Finance Corporation of Atlanta, Northeast v. Welborn, supra, lend support to the truth of this statement. See the discussion of the exceptions and distinctions in General Finance Corporation of Atlanta, Northeast v. Welborn, supra.

While the law on the matter of guaranties and sureties is by no means yet clear in the jurisprudence of the state of Georgia, considerable clarity has been

1. "The wife is a feme sole as to her separate estate, unless controlled by the settlement. Every restriction upon her power in it must be complied with; but while the wife may contract, *she may not bind her separate estate by any contract of suretyship* nor by any assumption of the debts of her husband, and any sale of her separate estate, made to a creditor of her husband in extinguishment of his debts, shall be absolutely void." (Emphasis supplied.)

2. The Small Business Administration Act only provides, in regard to sureties and guaranties, that "All loans made under this subsection shall be of such sound value or so secured as reasonably to assure repayment." 15 U.S.C.A. § 636(a) (7).

3. "The contract of suretyship is one whereby a person obligates himself to pay the debt of another in consideration of credit or indulgence, or other benefit given to his principal, the principal remaining bound therefor. It differs from a guaranty in this, that the consideration of the latter is a benefit flowing to the guarantor." 103 Ga.Code Ann. § 101.

lent to the field by the recent case of General Finance Corporation of Atlanta, Northeast v. Welborn, supra, and we take that case to be the presently most authoritative statement of the law of Georgia:

"In the present day, it would seem that the one remaining reliable distinction between these two kinds of undertakings is whether or not the undertaking be a joint undertaking with the principal or a separate and distinct contract. If it is the former, it is one of suretyship, and if the latter, it is one of guaranty. Each type of undertaking will in the absence of other overriding considerations be enforced by the courts according to its terms and if the undertaking be a separate and distinct contract entered into to induce the creditor to extend credit or to extend further credit or indulgence to the principal debtor and if it be a separate undertaking from the primary undertaking of the principal debtor to pay the debt, it will be enforced as a contract of guaranty even though in essence and substance it evidences an intent between the obligor therein to be liable thereon without respect to the necessity of proving the insolvency or the inability of the principal obligator to pay." 98 Ga.App. 284–285, 105 S.E.2d 386, 389.

We think this language is directly applicable to the present case and that the District Court erred in not applying it; indeed, the District Court failed to take notice of this case in its order, and, though on appeal the appellants rely heavily on the decision, it is totally ignored by the appellee, that party not even attempting to distinguish it from the present case.

While it is true that the SBA Form executed by appellee is titled a "Guaranty", under Georgia law that alone is not determinative of the instant question. Wehle v. Baker, 97 Ga.App. 111, 112, 102 S.E.2d 661. We find nevertheless that, within the language of General Finance Corporation of Atlanta, Northeast v. Welborn, supra, there was "a separate and distinct contract entered into to induce the creditor to extend credit" and that it was "a separate undertaking from the primary undertaking of the principal debtor to pay the debt." This is sufficient to find, and the District Court should have found, that Mrs. Griffin entered into a contract of guaranty rather than one of surety and that she could thus be bound by her contract, regardless of the prohibitions of 53 Ga.Code Ann. § 503, supra.

It follows that the judgment was in error and must therefore be

Reversed.