A09A1290. 3060 CORP. et al. v. CRESCENT ONE BUCKHEAD PLAZA, L.P.
(686 SE2d 367)

ADAMS, Judge.

A server at Nava Restaurant[1] slipped and fell on some stairs at work and injured his left hand. He brought suit against the restaurant property owner, Crescent One Buckhead Plaza, L.P., claiming negligent maintenance of the stairs and breach of the duty to keep the premises safe. Crescent One tendered the suit to Nava and its insurer based on language in Nava's lease and because Crescent One is listed as an additional insured under Nava's public liability insurance policy. After tender was rejected, Crescent One sought and received permission to file a third-party claim against Nava and its insurer, under the lease and insurance policy, for contribution and indemnification from the plaintiff's claims. In response to cross-

---

[1] The corporate name of Nava is 3060 Corp.

motions for summary judgment between the third parties to the suit, the trial court ruled in favor of Crescent One. Nava and its insurer appeal.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citations omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

The undisputed facts show that Crescent One and Nava are parties to a lease. The lease provides that Nava must indemnify and hold Crescent One harmless from any loss caused by Nava unless the loss results solely from proven negligence by Crescent One. Section 4.6 (b) of the lease provides that Nava must

> Indemnify and hold Landlord harmless from and against any and all loss, cost, damage, expense or liability whatsoever, including, without limitation, court costs and reasonable attorneys' fees, imposed on Landlord by any person whomsoever, caused in whole or in part by an act or omission of Tenant or its agents, employees, invitees, licensees, contractors, subtenants or assignees; provided, however, that in no event shall Tenant be required to indemnify Landlord against losses resulting from affirmative acts of proven negligence solely on the part of Landlord. . . .

In a similar vein, the lease also provides that Nava was required to have liability insurance that listed Nava and Crescent One as "named insureds." Section 4.12 provides:

> Tenant shall keep in force at Tenant's expense public liability insurance, including personal injury, products liability and independent contractors coverage, for Tenant and Landlord, as named insureds, covering the Premises, use thereof by Tenant or its agents, employees or licensees. . . .

The parties agree that Buckhead Life Restaurant Group, Inc. obtained such insurance from Transcontinental Insurance Company, Inc. ("TIC"). The policy identifies various parties as "Named In-

sureds" and as "Additional Named Insureds," including Nava. But the parties also agree that Crescent One was named only as an "Additional Insured" under the policy's "Noncontractor's Additional Insured Endorsement." The Noncontractor's Endorsement states that "who is an insured" under the policy includes "additional insureds" "whom you are required to add as an additional insured on this policy under a written contract or written agreement. . . ." And the endorsement goes on to provide that with respect to these "additional insureds," the policy shall provide excess coverage over any other policy unless a written agreement specifically requires the TIC coverage to be primary:

> This insurance is excess over any other insurance naming the additional insured as an insured whether primary, excess, contingent or on any other basis unless a written contract or written agreement specifically requires that this insurance be either primary or primary and noncontributing.

Crescent One had other coverage with Great Northern Insurance Company. Consequently, TIC denied coverage to Crescent One because it considered its policy excess to the Great Northern policy under the Noncontractor's Endorsement. TIC apparently did not consider the Nava lease as having required that the TIC coverage for Crescent One be primary.

The trial court noted that the Nava lease required Crescent One to be a "named insured" under the TIC policy. The court reasoned that if Crescent One had been a named insured alongside Nava, then TIC would be required to provide a full defense and indemnity to both the landlord and the tenant because both would be "named insureds" under the policy. The court added, "To the extent the [TIC] Policy does not provide for defense and liability coverage in favor of Crescent, as a named insured, Nava has an uninsured contractual commitment to do so." The trial court therefore granted summary judgment in favor of Crescent One against Nava under the terms of the lease, requiring Nava to provide a defense and indemnification to Crescent One for the underlying claim.

The trial court also granted summary judgment in favor of Crescent One against TIC. It found that the Noncontractor's Endorsement provided that the TIC policy would be primary for Crescent One because, quoting that endorsement, "a written contract or written agreement specifically requires that this insurance be either primary or primary and noncontributing." Accordingly, "TIC has a primary (100%) duty to defend and indemnify Crescent under the policy."

1. Nava contends the trial court erred with regard to its liability to Crescent One because there is an issue of material fact as to whose negligence caused the loss claimed by the plaintiff in the underlying lawsuit. Nava points to Section 4.6 (b) of the lease, which provides that Nava must indemnify and hold Crescent One harmless only from any loss "caused in whole or in part by an act or omission of Tenant or its agents, employees, invitees, licensees, contractors, subtenants or assignees"; the clause further clarifies that Nava is not required to indemnify Crescent One if the loss results "from affirmative acts of proven negligence solely on the part of Landlord." Nava argues that the trial court therefore erred by granting summary judgment in favor of Crescent One given that there is an issue of fact regarding whose negligence caused the plaintiff's injuries.

But the trial court did not rule on Nava's Section 4.6 (b) duty to indemnify Crescent One. Rather, the court held, as a matter of law, that Nava had breached its duty under Section 4.12 of the lease to obtain insurance with Crescent One listed as a named insured. The court added that Nava would be liable to the extent the insurance it did obtain on behalf of Crescent One does not provide a full defense and indemnification in favor of Crescent One. In short, the trial court ruled that Nava breached Section 4.12 of the lease and Nava has not challenged this ruling. "Matters not enumerated as error will not be considered on appeal. [Cits.]" *Adamson v. Sanders*, 279 Ga. 187, 188 (611 SE2d 44) (2005). We therefore affirm that aspect of the trial court's order.

Although the trial court did not rule on Nava's duty to indemnify Crescent One, Nava contends the court erred by failing to consider the argument and deny summary judgment on that ground. But Nava's argument is misplaced. Whether summary judgment is appropriate under Section 4.6 (b) is unrelated to whether Nava breached Section 4.12, a finding that Nava has not challenged. See, e.g., *Ryder Integrated Logistics v. BellSouth Telecommunications*, 281 Ga. 736, 740 (642 SE2d 695) (2007) (contractual provisions to procure insurance and to indemnify treated as distinct issues). Thus, there is nothing to review.

2. In their second enumeration, the appellants contend the trial court erred with regard to TIC's obligation to defend and indemnify Crescent One because, even if TIC's policy covers Crescent One as a primary insured, the "other insurance" provisions of both policies provide that both would be primary, and, under those circumstances, the two carriers are required to share the defense and indemnification equally. This argument is based partly on the fact that in the boilerplate, both policies have nearly identical "other insurance"

provisions.[2]

The question restated is does TIC have the sole duty to defend and indemnify Crescent One for the plaintiff's claims or does Great Northern have a duty to share in that obligation. We look to the language of each policy and the factual setting in order to solve seemingly conflicting claims about the layer of coverage each policy provides. See, e.g., *Ga. Mut. Ins. Co. v. Southern Gen. Ins. Co.*, 181 Ga. App. 238, 240 (351 SE2d 658) (1986).

Crescent One is insured under the TIC policy as an "additional insured" under the Noncontractor's Endorsement. The endorsement states that the TIC policy will be considered excess coverage "unless a written contract or written agreement specifically requires that this insurance be either primary or primary and noncontributing." The trial court held that this language applied but that it was ambiguous in that it did not define "primary" nor address how the lease would "require" such coverage. The court resolved the ambiguity by looking to the surrounding circumstances including the lease. The court then found that Section 4.12 of the lease amounted to an agreement that "required" "primary" insurance because it required Nava to obtain public liability insurance for Crescent One as a "*named* insured." Looking at the TIC policy language, the court explained that if Crescent One had been made a "named insured," it would amount to primary coverage because the policy provided: "This insurance is primary except when b. . . ."; and no aspect of subsection "b." applied to the claim. We agree with this conclusion and reasoning.

In short, by its very terms, the TIC policy provides that coverage for Crescent One is primary. It is undisputed that Great Northern's policy is also primary as to Crescent One. And both policies contain similar "other insurance" provisions. But they are not identical.

The Great Northern policy provides that it is excess over other bodily injury insurance provided by another party's policy to which the named insured is an "additional insured" under that policy. The plain import of that clause is the Great Northern policy is excess over the TIC policy because Crescent One is an additional insured under the TIC policy's Noncontractor's Endorsement. TIC contends that Crescent One cannot argue both that it has primary coverage under the TIC policy and that it should be considered an "additional insured." But this argument is not persuasive. TIC chose the language of the Noncontractor's Endorsement, and it plainly allows for an "additional insured" to have primary coverage if certain

---

[2] The parties agree that the TIC and Great Northern policies have similar "Other Insurance" and "Method of Sharing" provisions.

conditions are met. Those conditions have been met here. This argument thus affords no basis for reversal.

*Judgment affirmed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED NOVEMBER 4, 2009.

*Hall, Booth, Smith & Slover, Anna-Elisa Mackowiak*, for appellants.

*Swift, Currie, McGhee & Hiers, Yoon J. Ettinger*, for appellee.