**SECOND DIVISION**
**DOYLE, P. J.,**
**DAVIS, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**

**https://www.gaappeals.gov/rules**

**June 22, 2026**

# In the Court of Appeals of Georgia

A26A0341.   DARGEY   v.   HOLIDAY   HOSPITALITY FRANCHISING, LLC.

A26A0342. AGASSI   v.   HOLIDAY   HOSPITALITY FRANCHISING, LLC.

DOYLE, Presiding Judge.

Holiday Hospitality Franchising, LLC, ("HHFL") sued Lobsang Dargey and Tamara Agassi (collectively, "the Appellants,") for breach of a guaranty. Following the trial court's grant of HHFL's motion for summary judgment, the Appellants filed these appeals,[1] arguing in two related enumerations that the grant of summary judgment to HHFL was erroneous because its claims were barred by the statute of

---

[1] Both of the above-styled cases are based on the same record, arise from the same order, and involve the same two parties. The issues presented in both cases are duplicative and do not require us to address the parties' arguments individually. Thus, we have consolidated our analysis of both cases.

limitation. For the reasons that follow, we affirm in both cases.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant.

*Vaughn v. Windfield Homeowners Ass'n, Inc.*, 375 Ga. App. 18 (913 SE2d 74) (2025) (quotation marks omitted).

So viewed, the record reflects that HHFL and Potala Tower Seattle, LLC, ("PTSL") executed a "Hotel Indigo New Development License Agreement" (the "License Agreement") on July 31, 2014. Dargey signed the License Agreement as manager on behalf of PTSL. Under the License Agreement, PTSL was to develop, open, and operate a Hotel Indigo-branded hotel (the "Hotel") in Seattle, Washington, for 20 years.

The License Agreement prohibited PTSL from selling, assigning, transferring, or otherwise encumbering the Hotel in the absence of express permission from HHFL. Such conduct would be considered a material breach of the License Agreement and give HHFL the right to terminate the Agreement. The License Agreement also authorized HHFL to terminate in the event that "any case ... seeking appointment of a receiver" was filed against PTSL or in the event that PTSL

"voluntarily or involuntary los[t] possession" of the Hotel.

The License Agreement further provided that if HHFL terminated the Agreement as a result of PTSL's breach prior to the Hotel's opening, PTSL would owe HHFL liquidated damages as calculated using an agreed-to formula. PTSL also agreed to pay attorney fees and court costs incurred by HHFL in remedying any defaults or enforcing any of its rights under the Agreement.

The Appellents signed a guaranty in which they personally guaranteed all of PTSL's obligations under the License Agreement (the "Guaranty"). The Guaranty provided that upon PTSL's default of the License Agreement and notice from HHFL, the Appellants would "immediately make each payment and perform each obligation required of [PTSL] under the [License Agreement]." The Guaranty would be effective even if PTSL's obligations under the License Agreement were "rescinded or otherwise [had to] be restored or returned" as a result of PTSL's "insolvency, bankruptcy[,] or reorganization." The Appellants also agreed to pay attorney fees and court costs incurred by HHFL in remedying any defaults or enforcing any of its rights under either the Guaranty or the License Agreement.

In August 2015, the United States Securities and Exchange Commission ("SEC") sued Dargey and PTSL, and on October 22, 2015, PTSL was placed into

receivership. Included among PTSL's assets was the Hotel, of which the receiver obtained possession. It is undisputed that the receivership appointment constituted a material breach of the License Agreement.

On September 23, 2016, the receiver executed a sale agreement with a third party to purchase the Hotel. Despite Dargey's recommendations, the purchaser did not keep the Hotel as a Hotel-Indigo-branded hotel. HHFL did not consent to the sale. On December 8, 2016, HHFL terminated the License Agreement based on the receivership sale of the Hotel.

The premature termination of the License Agreement prior to the Hotel's opening and as a result of PTSL's breach triggered PTSL's obligation under the License Agreement to pay liquidated damages, which were calculated pursuant to the License Agreement to total $1,879,828.73. HHFL sent a demand letter to PTSL for payment of the liquidated damages, which PTSL failed to pay.

Pursuant to the Guaranty, the Appellants were also liable to HHFL for the liquidated damages. On August 18, 2021, HHFL notified the Appellants of PTSL's default of the License Agreement and demanded payment of the liquidated damages. The Appellants failed to make any payments to HHFL for the liquidated damages.

On August 31, 2022, HHFL sued the Appellants for breach of the Guaranty

based on their nonpayment of the liquidated damages owed by PTSL and sought reimbursement for attorney fees. Discovery ensued, and Dargey moved for summary judgment, arguing that HHFL's claims were barred by the applicable statute of limitation. Agassi later joined in Dargey's motion. Thereafter, HHFL moved for summary judgment.

After a hearing, the trial court entered an order denying the Appellants' motions for summary judgment and granting HHFL's motion for summary judgment. In particular, the trial court rejected the Appellants' argument that the statute of limitation for HHFL's claim for breach of the Guaranty had begun to run on October 22, 2015, when PTSL's assets, including the Hotel, were placed into receivership. Instead, the trial court found that the statute of limitation for this claim had started no earlier than December 8, 2016, when HHFL terminated the License Agreement. Accordingly, the trial court found that HHFL's August 31, 2022 complaint for breach of guaranty was timely filed within the applicable six-year statute of limitation. The Appellants now appeal.

In two related enumerations of error, the Appellants contend that the trial court erred by denying their motions for summary judgment and granting HHFL's motion for summary judgment because HHFL's complaint was not filed within the applicable

5

statute of limitation. We disagree.

"All actions upon simple contracts in writing shall be brought within six years after the same become due and payable." OCGA § 9-3-24. "When the question is raised as to whether an action is barred by a statute of limitations, the true test to determine when the cause of action accrued is to ascertain the time when the plaintiff could first have maintained his action to a successful result." *Wallace v. Bock*, 279 Ga. 744, 747(2) (620 SE2d 820) (2005) (punctuation and quotation marks omitted). "[W]ith respect to a breach of contract claim, the statute of limitation runs from the time the contract is broken rather than from the time the actual damage results or is ascertained." *Hamburger v. PFM Cap. Mgmt., Inc.*, 286 Ga. App. 382, 385(1) (649 SE2d 779) (2007) (quotation marks omitted).

Here, the Appellants' obligations to pay HHFL liquidated damages pursuant to the Guaranty did not arise until HHFL terminated the License Agreement on December 8, 2016. The License Agreement provides that PTSL's obligation to pay liquidated damages is triggered only "[i]n the event [HHFL] terminates th[e License Agreement] due to [PTSL]'s breach of any of its obligations" prior to the Hotel's opening. The Guaranty, in turn, provides that upon PTSL's default under the License Agreement, the Appellants are required to "immediately make each payment and

perform each obligation required of [PTSL] under the License [Agreement]." Thus, the Appellants' nonpayment of liquidated damages pursuant to the Guaranty, the cause of action at issue in this case, could not have arisen prior to December 8, 2016, the date on which HHFL terminated the License Agreement and thereby activated its right to seek liquidated damages from PTSL. HHFL's lawsuit against the Appellants for nonpayment of liquidated damages under the Guaranty, having been filed on August 31, 2022, was brought within six years of December 8, 2016, and was not barred by the statute of limitation.

Nevertheless, the Appellants argue that the receivership appointment on October 22, 2015, which all parties agree was a material breach of the License Agreement, caused the statute of limitation to start to run on HHFL's claims for breach of guaranty against the Appellants. This argument lacks merit.

> If a contract is entire, only one action may be maintained for a breach thereof; but, if it is severable or if the breaches occur at successive periods in an entire contract, an action will lie for each breach; but all the breaches occurring up to the commencement of the action must be included therein.

OCGA § 13-6-14. See also *Hamburger*, 286 Ga. App. at 385-86(1)(a), 386(1)(b) (assessing separately three alleged breaches of the same contract and holding that one

7

of the three claims was not barred by the statute of limitation).

The parties do not dispute that both the License Agreement and Guaranty are entire contracts rather than severable. Thus, pursuant to OCGA § 13-6-14, the statute of limitation applicable to any breach of contract claim that HHFL may have had against PTSL based on its October 22, 2015 breach of the License Agreement must be assessed independently of the statute of limitation applicable to its claims against the Appellants based on their nonpayment of liquidated damages under the Guaranty. Again, the Appellants had no obligation to pay HHFL liquidated damages pursuant to the Guaranty until the License Agreement was terminated on December 8, 2016, and it is their failure to pay those amounts that forms the basis of HHFL's cause of action against them for breach of guaranty, not PTSL's failure to maintain possession of the Hotel under the License Agreement.

The Appellants cite *Rawleigh Co. v. Etheridge*, 37 Ga. App. 554 (140 SE 913) (1927), for the proposition that a claim under a personal guaranty accrues immediately upon a material breach of the underlying contract.

In *Rawleigh Co.*, this Court held that a breach of contract claim against a guarantor brought over six years after the default of the principal was barred by the statute of limitation. Id. at 558. There, the plaintiff sued the principal and obtained a

judgment in July 1924, which the principal failed to pay. Id. at 555. The plaintiff thereafter sued the guarantor in September 1924. Id. This Court held that because the contract between the plaintiff and principal had "expired by its own terms on December 31, 1914, on which date the entire balance of indebtedness matured," id., the plaintiff's September 1924 suit against the guarantor was brought more than "six years from the date when it accrued" and was thus barred by the statute of limitation. Id. at 558.

Here, by contrast, the Appellants' obligation to pay liquidated damages under the Guaranty accrued simultaneously with PTSL's obligation to pay the same amounts under the License Agreement, which occurred no earlier than December 8, 2016. PTSL's separate breach of the License Agreement, which occurred on October 22, 2015, based on its failure to maintain possession of the Hotel, is not determinative of the timeliness of HHFL's breach of guaranty claims against the Appellants.

Accordingly, the trial court did not err by finding that these claims were brought within the applicable statute of limitation.[2]

*Judgment affirmed in Case Nos. A26A0341 and A26A0342. Davis, J., and Senior Judge C. Andrew Fuller concur.*

---

[2] The Appellants challenge the denial of their motions for summary judgment solely on the basis that the trial court erred in so doing by finding that HHFL's breach of guaranty claims against the Appellants were not barred by the statute of limitation. Likewise, the Appellants challenge the grant of HHFL's motion for summary judgment solely on the same basis. Because the Appellants do not challenge any other aspects of the trial court's rulings as error, we do not address them herein. See *3060 Corp. v. Crescent One Buckhead Plaza, L.P.*, 300 Ga. App. 749, 752(1) (686 SE2d 367) (2009) ("Matters not enumerated as error will not be considered on appeal.") (quotation marks omitted); *Etowah Env't Group, LLC v. Walsh*, 333 Ga. App. 464, 470(1) (774 SE2d 220) (2015) ("Etowah has not challenged this part of the trial court's ruling on appeal, and we pass no judgment on it here.") (physical precedent only).